MANHATTAN TRUST CO. v. TRUST CO. OF NORTH AMERICA.

(Circuit Court of Appeals, Eighth Circuit. February 25, 1901.)

No. 1,480.

**1. JUDGMENT—MATTERS CONCLUDED BY DECREE.**

A petition in intervention was filed in a railroad foreclosure suit setting up a claim for rental of terminal property against the defendant accruing prior to the appointment of receivers in the suit, on account of which the intervener claimed a statutory landlord's lien, and also that its claim constituted a preferential debt in equity entitled to priority over the debt of the mortgagee as a part of the necessary expenses of operating the road. Issue was joined on both such claims, and on a hearing the petition was dismissed on the merits, and the decree of dismissal was affirmed on appeal. Subsequently, the receiver having accumulated a fund in the registry of the court from the earnings of the road, the intervener filed an amended petition asserting its equitable right to preferential payment from such fund. *Held*, that the former decree was conclusive against its right to maintain such petition, the claim made, as well as the right in which it was asserted, in the two petitions being identical, and one which, had it been sustained in the first proceeding, would have been a charge upon the same fund when subsequently earned.

**2. SAME.**

A decree on the merits is conclusive upon all the issues joined by the pleadings, and its effect as a prior adjudication is not changed by the fact that one of such issues was not discussed in the opinion of the court.

Appeal from the Circuit Court of the United States for the Northern District of Iowa.

For former opinion, see 102 Fed. 710.

Craig L. Wright (Strong & Cadwalader, Call & Hubbard, and George W. Wickersham, on the brief), for appellant.

James L. Kennedy and F. C. Farr (T. F. Bevington, on the brief), for appellee.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. On the 28th day of September, 1893, the Manhattan Trust Company, as trustee in a mortgage executed by the Sioux City & Northern Railroad Company on its road and appurtenances, filed its bill of complaint against the railroad company praying for the appointment of a receiver to take the charge and management of the mortgaged property for the preservation of the same and the protection of the rights of the mortgagee. Receivers were appointed accordingly. On the 11th day of July, 1894, a supplemental and amended bill of complaint was filed in the cause; praying for the appointment of receivers and the foreclosure of the mortgage executed to the complainant by the Sioux City & Northern Railroad Company on its railroad and appurtenances, and

receivers were accordingly appointed under this bill, and a decree of foreclosure rendered, and the property sold in conformity therewith. While operated by the receivers, the road earned certain moneys now in the registry of the court. At the time the receivers' accounts were approved and the property turned over to the purchasers at the foreclosure sale, the court made the following order touching the moneys referred to:

"And it appearing to the court that all claims against the receivers of the said Sioux City & Northern Railroad have been paid or adjusted except the claims of the Trust Company of North America for rental of the terminals, which claim is pending, but not yet determined, it is further ordered, adjudged, and decreed that, subject to the said claim, the lien of the complainant as trustee for the bondholders is hereby established against all the remaining funds in the registry of the court derived from the special master and the said receivers. It is further ordered that hearing on the claims of the Trust Company of North America be postponed until a later date, to be fixed by the court."

On the 18th day of December, 1893, the Trust Company of North America filed its original petition of intervention in the cause, and on September 24, 1894, its amended petition of intervention. This first amended petition of intervention and the proceedings had thereon, and the second amended petition, upon which the decree now appealed from was entered, are, in the view the court takes of this case, the only portions of the record necessary to be particularly considered. On the 14th day of December, 1889, the Sioux City & Northern Railroad Company leased from the Sioux City Terminal Railroad & Warehouse Company certain grounds, tracks, and terminal facilities at Sioux City, for which the railroad company agreed to pay rent at the rate of $90,000 annually, payable quarterly. The intervener succeeded to the rights of the lessor under this lease. The first amended petition of intervention alleged "that the Sioux City & Northern Railroad Company neglected and failed to pay the rental under the said lease from and after the 14th day of June, 1893, but continued to use the premises demised," and sought to have the rent due from the railroad company under the lease from the date mentioned until the appointment of the receivers under the bill of foreclosure declared to be prior and superior to the lien of the mortgage of the complainant, the Manhattan Trust Company. This claim was rested upon two grounds: First, that the intervener was entitled to a landlord's lien, under the statutes of Iowa, on the rolling stock and equipments of the railroad, for the rent of the terminals under the lease; and, second, that it was "entitled as a matter of equity" to have the rentals under the lease "considered a part of the expenses of the receivership, and be declared a prior and superior lien to the lien of the trust deed to the Manhattan Trust Company." The petition concluded with the prayer that the rent claimed "may be declared to be a proper part of the receivers' expenses to be applied to the payment of any deficiency that may exist in payment of the bonds secured by the trust deed to your orator after foreclosure of the said trust deed, and that all of the said claims and demands be declared to be prior and superior to the trust deed given to the complainant, the Manhattan Trust Com-

pany, and that the complainant may have such other and further relief as may to justice and equity appertain." The answer of the Manhattan Trust Company to this amended petition of intervention denied that the intervener had a landlord's lien on the rolling stock and equipments of the railroad for the rent under the lease, and denied that the intervener was entitled to have the rentals due under the lease from and after the 14th day of June, 1893, considered "as a part of the expenses of the receivership, or declared a prior or superior lien to the lien of the trust deed to the Manhattan Trust Company." The cause, upon this petition of intervention, went to final hearing on the 21st day of June, 1895, and it was on that day "ordered and decreed that the intervening petition and amended petition of the Trust Company of North America be, and the same is hereby, dismissed upon the merits as to the Manhattan Trust Company." The opinion of the circuit court is reported in 68 Fed. 72. From this decree the intervener appealed to this court, making, among others, the following assignment of error:

"The court erred in refusing to this intervener an equitable lien for the rents accruing within six months prior to the date of the appointment of the receivers on the application of the complainant, which holding was erroneous for the reason that the property embraced in the lease was a necessary and integral part of the railroad system, furnishing its only terminal facilities at Sioux City, and necessary to the successful operation of the road; and the use of said terminal properties was for the benefit of all persons having an ownership in this railroad through the ownership of either bonds or stock; and because it is contrary to the equitable rule allowing priority in favor of labor and other necessaries furnished a short time prior to the appointment of a receiver."

This court affirmed the decree of the lower court. 23 C. C. A. 30, 77 Fed. 82. On the 15th day of January, 1900, the intervener filed an amendment to its petition and amended petition of intervention previously filed, prefacing the amendment as follows:

"Your petitioner, the Trust Company of North America, having heretofore been permitted to file its petition of intervention on the 18th day of December, 1893, and an amendment thereto on the 24th day of September, 1894, and being now permitted to amend said petition of intervention and the amendment thereto, further states: * * *"

This amendment sets out the sale of the mortgaged property under the decree of foreclosure, and the fact that there is a fund in the registry of the court accumulated by the receivers from the earnings of the road, and prays that the same may be applied towards the payment of the rentals accruing under the lease as the same are set out and claimed in the first amended petition of intervention, and for the very same period mentioned therein, namely, from the 14th day of June, 1893, until the appointment of the receivers under the complainant's amended bill asking for a foreclosure of its mortgage. Answering this last amended petition of intervention, the Manhattan Trust Company sets up the proceedings had on the original and amended petition of intervention and the decree dismissing the same on the merits, and "avers that said Trust Company of North America is also estopped by reason of said judgment and decree had under its said intervening petition and amended

intervening petition from claiming or asserting any equitable or other lien or claim to any funds in the registry of this court, for that said trust company in said petition claimed an equitable lien and priority for its claim over the lien of this answering complainant under its trust deed, and was adjudicated to have no such claim or lien; and said Trust Company of North America is now estopped by reason of said adjudication from claiming any lien or asserting any claim which it then had or claimed to have against this answering complainant on any grounds then made, or for any reason that it might have had for said claim, and said adjudication stands and remains a finality, and is unreversed." The issue raised by this averment in the answer is the only one we find it necessary to consider. The claim for rents set up in the first amended petition is identically the same, and for the same period, as that set up in the second amendment, and the right to the relief sought is rested on one of the grounds relied upon in the first amendment, namely, that, although the rent accrued before the filing of the bill for foreclosure and the appointment of the receivers thereunder, the intervener is entitled as a matter of equity to have its claim therefor for the period mentioned treated as a part of the expenses of the receivership, and declared a prior and superior lien to the lien of the mortgagee on the fund in the registry. In other words, the intervener bases its claim to the fund upon the ground that it is in equity what in railroad foreclosure suits has come to be known as a preferential debt, and this was one of the grounds for relief set up in the first amended petition, and which was in issue on the pleadings in that case, when, upon final hearing, it was "dismissed upon the merits." The ground upon which the intervener rests its claim under the present petition is that its claim for rent is a preferential debt, prior and superior to the lien of the mortgage, and that the like prior right or lien extends to the fund in court accumulated by the receivers. It is perfectly apparent that the parties, the cause of action, and the ground of recovery thereon are the same in both petitions. No change has taken place in the rights of the parties. Their attitude towards each other is the same. In its first amended petition the intervener asserted its claim for rent was prior and superior to the mortgage upon the same ground that it now asserts a prior and superior claim to the fund in court. The fact that the present fund had not then been earned and paid into court has no significance. A decree such as the intervener sought to obtain by its first amended petition would have given it a right prior and superior to the mortgagee to the earnings and income of the road then or thereafter accumulated by the receivers. Such a decree would have given to the intervener's claim for rent the status of a preferential debt, which is precisely what is sought, and all that is sought, by the present petition. A decree that the intervener's claim for rent was a preferential debt, and as such prior and superior to the mortgage debt, would have fixed irrevocably the rights of the parties to any fund then or thereafter coming into the registry of the court applicable to the payment of such claims, and would have entitled the intervener to the fund now in court to the extent

of its claim as of course, and without any other proceeding whatever. A proceeding to establish a right to a fund to be accumulated from a particular source and a proceeding to establish a right to that same fund after it has been accumulated are the same. It is vain, therefore, to contend that the cause of action is not the same in both suits. But, assuming this to be so, the intervener's contention is that the issue arising upon the equitable ground of recovery set up in his first amended petition was not considered or passed upon by the court, but that the case was decided and the petition dismissed on another ground. In proof of this contention we are referred to the opinion of the lower court and of this court in the first case, from which it appears the only right of recovery considered by each court in its opinion was that based on the alleged landlord's lien, and that no mention was made of the equitable lien set up and relied upon in the petition as one of the grounds of relief, the denial of which by the lower court was assigned for error. But this fact in no way militates against the conclusiveness of the estoppel arising from the former adjudication apparent upon an inspection of the record. When the plaintiff rests his claim for relief in his bill on two or more grounds, and his bill is dismissed generally on its merits, he is thereafter estopped from maintaining a second bill seeking the same relief upon one of the grounds set up in his first bill and in issue under the pleadings. A judgment or decree rendered upon the merits constitutes an absolute bar to a subsequent action on the same claim or demand, and it is no answer to the plea of estoppel in such a case to say the court did not, in its opinion, consider the particular ground of relief. Its decree dismissing the bill on its merits covers all the grounds for relief set up in the first bill and put in issue by the pleadings as fully and effectually as if they had been specifically named in the court's opinion. Any other rule would make litigation interminable. As long as a party could show that the court, in its opinion, took no notice of one of its alleged grounds for relief, he could file a new bill seeking the same relief sought by his first bill on that ground, and so on as long as any one of the grounds of relief set up in his first bill was not discussed, and in terms decided against him, in the opinion of the court. The rule is more comprehensive than we have stated, and goes further than is necessary to bar the present suit. It is enough to bar the second suit that the same grounds of recovery might have been set up and relied on in the first suit. "The language, therefore," says the supreme court in Cromwell v. Sac County, 94 U. S. 351, 24 L. Ed. 195, "which is so often used, that a judgment estops not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented, is strictly accurate when applied to the demand or claim in controversy. Such a demand or claim, having passed into judgment, cannot again be brought into litigation between the parties in proceedings at law upon any ground whatever." In Southern Minnesota Ry. Extension Co. v. St. Paul & S. C. R. Co., 5 C. C. A. 249, 55 Fed. 690, this court, speaking by Judge Thayer, in sustaining the conclusive effect of a

former judgment between the same parties to the suit, used the following language:

"The appellant might have pleaded in the former action the same grounds of recovery which it now relies on, and, if it did not do so, it cannot take advantage of such neglect. It will not be allowed in this suit to avoid the conclusive effect of a former decree by averring that it did not plead a particular ground of recovery which it obviously might have pleaded. The parties to the two suits being the same, the judgment in the former case operates as an estoppel both as to those grounds of recovery which were pleaded and as to those which might have been pleaded."

See, to the same effect, Board v. Platt, 79 Fed. 567, 25 C. C. A. 87; Dowell v. Applegate, 152 U. S. 327, 14 Sup. Ct. 611, 38 L. Ed. 463; Fayerweather v. Ritch, 34 C. C. A. 61, 91 Fed. 721. The ground of recovery relied on in the second amended petition not only might have been set up and relied upon in the first, but it actually was set up and relied on. The decree of the circuit court is reversed, and the cause remanded, with instructions to enter a decree dismissing the second amended petition of intervention.