BROWN v. ERIE R. CO.

(Circuit Court of Appeals, Sixth Circuit. February 8, 1910.)

No. 1,993.

1. LIMITATION OF ACTIONS (§ 130*)—NEW ACTION AFTER DISMISSAL OF FORMER ACTION—IDENTITY OF CAUSE OF ACTION.

Under a statute of limitations, which permits the beginning of a new suit within a certain time after the failure of a former suit brought in due time on the same cause of action otherwise than on the merits, a second suit by an employé against a railroad company for a personal injury is for the same cause of action as a prior suit where the parties and the injury are the same, the facts pleaded are the same, and the negligence charged against the company is the same in legal effect, although it may be attributed to a different agent.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 553–566; Dec. Dig. § 130.*]

2. WORDS AND PHRASES—"KICKING."

The word "kicking" in railroad parlance is the operation of giving a rapid movement to a train of cars before coming to a switch, of sufficient force to drive the cars intended to go upon the side track off the main line on which the train was moving, and then to quickly reverse the movement of the other cars which remained connected with the engine.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 5, pp. 1–2.]

In Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Ohio.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Patrick J. Brown against the Erie Railroad Company. Judgment for defendant, and plaintiff brings error. Reversed.

D. F. Anderson, for plaintiff in error.

W. E. Cushing, for defendant in error.

Before SEVERENS and WARRINGTON, Circuit Judges, and KNAPPEN, District Judge.

SEVERENS, Circuit Judge. The plaintiff below, who is also the plaintiff in error, was employed by the defendant, the Erie Railroad Company, in its yards at Youngstown, Ohio, as a "front" brakeman or switchman, and on October 1, 1900, was engaged at that place in breaking up a train. In doing this the train of cars was being backed down toward a switch for the purpose of shunting off some of the rear cars at the switch upon a side track. The operation consisted of giving a rapid movement to the train of cars before coming to the switch, of sufficient force to drive the cars intended to go upon the side track off the main line on which the train was moving, and then to quickly reverse the movement of the other cars which remained connected with the engine, an operation called "kicking" in railroad parlance. These movements were, of course, effected by the engine, which in this instance was moving backward. On this occasion, the persons engaged in the operation of the train were, besides the engineer and fireman, one Congdon, the conductor, Brophy, a switchman, and the plaintiff. It is alleged that under the rules and custom of the company it was the duty of said conductor when the train had reached the proper point at which he desired to uncouple the cars to give a signal to that effect to the plaintiff, and that it was the duty of the plaintiff to receive such signal and convey it to the engineer; it being likely that the conductor might be in a position where he could not be seen by the engineer. The plaintiff was standing on the top and near the end of the last car from which the cars to be detached were to be uncoupled, and was looking down at the conductor who was trying to uncouple the cars. The train was still backing when the conductor told Brophy, who had been sent down to open the switch, to signal the engineer to reverse. The plaintiff did not know that this signal had been given. The reversing gave a sudden stop and shock to the car on which the plaintiff was standing and waiting for the signal, and he was thrown down, and a wheel of one of the cars passed over one of his legs and crushed it. The negligence charged in the petition was that of the conductor in sending the signal to reverse by Brophy and giving the plaintiff no warning. The defendant demurred to the petition on the ground that the action was barred by a statute of limitation of Ohio. The demurrer was sustained, but leave to amend was given. An amended petition was filed stating that a former action for the same cause had been brought in that court in due season, which had been dismissed for want of prosecution, and further stating that the petition in the instant case was filed within the time which by said statute is allowed for the bringing of a new suit when a former one fails otherwise than on its merits. To this amended petition the defendant again demurred and upon the same ground. The demurrer was overruled,

176 F.—35

and the defendant answered, again referring to the former action and setting up the said statute of limitation, and alleging also contributory negligence on the part of the plaintiff. The cause came on to be tried before a jury.

The plaintiff submitted evidence tending to prove his petition. The defendant offered no evidence except such as related to the former action and its disposition. By stipulation of the parties the record of that suit was admitted in evidence. The petition in that case was rested upon the same cause of action as the present, except that it alleged that the injury happened from the negligence of the engineer in giving the sudden movement to the cars by reason of which the plaintiff was thrown off, without any signal from the plaintiff, and also from the negligence of the conductor in neglecting to protect the plaintiff while in the discharge of his duties, and the petition averred that "the proximate cause of his said injuries was the negligence of said defendant company, as aforesaid." On the 1st day of May, 1906, as appears by the record, the following proceedings occurred. We copy:

"Patrick J. Brown v. Erie Railroad Company.

"This day this cause being regularly called for trial, and plaintiff not being ready to proceed, it is ordered that this case be dismissed for want of prosecution without prejudice.

"It is therefore considered by the court that the defendant recover of the plaintiff its costs herein expended, taxed at $———, and that plaintiff pay his own costs."

This was the state of the evidence on which the present cause was tried.

The defendant thereupon preferred the following requests:

"(1) To direct the jury to return a verdict for the defendant on the ground that the evidence of the plaintiff is not sufficient to warrant a verdict in his behalf; and

"(2) To direct a verdict for the defendant on the ground that it appears from the proof that the cause of action set up in the second amended petition and on which the testimony has been taken is not the same cause of action which was set up in the original petition filed in case No. 6566, and that the statute of limitations has run against the cause of action set forth in the petition on which this case is tried."

After argument of counsel, and consideration of said motions by the court, the court sustained the motion on the second ground, and directed the jury to return a verdict for the defendant.

We think the court erred in the view which it took in regard to the identity of the cause of action in the two suits. The parties were the same, the occurrence was the same, the injury and the damages were the same, and in both cases the negligence of the company by which the injury happened was in its legal character the same. In both cases the negligence charged was that of the company. It was not an action by the plaintiff against either the conductor or the engineer. Indeed, upon the facts stated, there would seem to have been concurrent faults of the two, of the conductor in sending off the signal by the wrong intermediary, and of the engineer in acting on a signal transmitted in the wrong way. Apparently the purpose of the rule requiring the signal to be transmitted by the front brakeman was to insure the giving

him warning. The maneuver of "kicking" cars out of a train is one known to be of considerable danger, and the scheme of the company's rule would furnish protection to the front brakeman who would be in the midst of the danger.

The pleader in this case evidently found difficulty in selecting the proper agent of the company for the purpose of introducing a representative. It was more a question of metaphysics than a matter of practical consequence. If either is selected as the medium of imputing negligence to the principal, it straightway appears the other was also negligent and that his negligence contributed to the injury. But the subject does not require nor does it admit, nice distinctions, especially of matters which are formal merely and not of the essence of the complaint, which was here in its ultimate statement a charge against the railroad company of negligent conduct in the movement of its cars whereby the plaintiff suffered injury.

The question we have before us is whether the petition in this suit presents the same cause of action as was presented in the former suit. Inasmuch as the same question is involved in cases where an amendment to a petition is made after the statute has barred an action, and in cases where a new action is brought under a statute allowing it, namely, whether there is an identity in the cause of action brought in by the amendment, or stated in the new action, decisions in either class of cases upon that subject are equally pertinent to the case before us. Substantially this question was involved in the recent case of Hernan v. American Bridge Company, 167 Fed. 930, 93 C. C. A. 330, where an amendment of the petition in a pending case was allowed after the time when, if the suit had not been pending, the original cause of action would have been barred by the statute. The identity of the cause of action in the original petition with that of the amended petition was the test of the question whether the case could be proceeded with upon the amended petition against a plea in bar of the statute. It therefore became necessary to consider with care the circumstances which should distinguish a case so as to make it a new cause of action. We did not doubt that, if the amendment brought in a new cause of action, the statute was well pleaded. This has long been settled. 1 Encycl. of Pl. & Pr. 518. After referring to the liberality of the power which the federal statutes give to the courts on the subject of amendments, we said:

"We think the statutes extend the power of the court to allow an amendment which shall correct the description of the cause of action and of the parties at any stage of the case, and in respect to any proceeding in it, whether in the process or pleadings, and that it should be exercised in every case where right and justice require it."

The still earlier case of C., N. O. & T. P. Ry. Co. v. Gray, 101 Fed. 623, 41 C. C. A. 535, 50 L. R. A. 47, also decided by this court, is distinctly pertinent here, and is of itself a sufficient authority for the decision of the question we are considering in the present case. But further, in the case of Texas & Pacific Ry. Co. v. Cox, 145 U. S. 593, 12 Sup. Ct. 905, 36 L. Ed. 829, the action was for negligence of the company resulting in the death of a freight conductor. The accident occurred on January 6, 1887. The original petition was filed Septem-

ber 3, 1887. The local statutes required the action to be brought within one year from the date of the injury. On February 16, 1888, more than a year after the injury, an amended petition was filed. The original petition alleged that the injury occurred while the conductor "was attempting to make a coupling of cars, because of the defective condition of the cross-ties and of the roadbed." In the amended petition it was alleged that the conductor was injured "on account of the drawhead and coupling pin not being suitable for the purpose and of the defective condition of the tracks." To this amended petition the defendant pleaded the statute of limitations. Upon this point, the court said:

"As the transaction set forth in both counts was the same, and the negligence charged in both related to defective conditions in respect of coupling cars in safety, we are not disposed by technical construction to hold that the second count alleged another and different negligence from the first."

See, 25 Cyc. 1319, note citing cases. The subject is well illustrated by the law relating to the conclusiveness of judgments. In 1 Ency. of Pl. & Pr. at page 556, it is said:

"It has been declared to be a fair test in determining whether a new cause of action is alleged in an amendment to inquire if a recovery had been had upon the original complaint it would be a bar to any recovery under the amended complaint, or if the same evidence would support both, or if the same measure of damages is applicable, or if both are subject to the same plea" [citing many cases where this test has been applied.]

And in 31 Cyc. 416, upon the authority of many decisions, it is stated that "so long as the facts added by the amendment, however different they may be from those alleged in the original pleading, show substantially the same injury in respect to the same transaction, the amendment is not objectionable as setting up a distinct cause of action," mentioning as an instance included, "varying the acts of negligence from which it is alleged the injury resulted." Suppose the first suit had been carried forward on the petition of the plaintiff therein filed, and the judgment had been against him; would it have been possible for him to have maintained a new action brought for the same injury varied only by the circumstance that the injury occurred from the negligence of the conductor instead of the engineer? Clearly not. And so, if he had obtained a judgment in his favor, could he have brought another suit for the same injury founded on the distinction that the conductor was negligent? The answer is equally obvious. Every fact or circumstance which the plaintiff or defendant might have brought forward in support of his action or in defense becomes indifferent when the judgment is pronounced, and cannot be again used in a new suit upon the same cause of action to support or defeat a recovery. Cromwell v. County of Sac, 94 U. S. 351, 24 L. Ed. 195; Southern Minnesota Ry. Co. v. St. Paul & S. C. K. Co., 55 Fed. 690, 694, 5 C. C. A. 249, per Thayer, J.; Manhattan Trust Co. v. Trust Co. of North America, 107 Fed. 328, 46 C. C. A. 322; Freeman on Judgments, § 249 (3d Ed.); Lawrence v. Stearns (C. C.) 79 Fed. 878; 23 Cyc. 1295. In an action against the principal, the negligence of the servant is not of itself a substantive factor, except as it is contemplated as the negligence of the principal. Or suppose an action to be brought

upon a promissory note against the maker and it is alleged that it was made by an agent on behalf of the maker and the plaintiff is defeated; could he maintain a fresh action against the same defendant on showing that another person executed the note on behalf of the maker? The material question in either case is whether the defendant made the note. The question is identical in both.

Another point remains to be considered. It is contended that even if it should be held there was error in instructing the jury that the cause of action was barred by the statute of limitation, still the ground, namely, that the evidence would not justify a verdict for the plaintiff, was valid, and that for that reason the instruction was in substance correct, and therefore the judgment ought to stand. There is an implication that the court was unwilling to put its instruction upon the ground now urged and the exception by defendant's counsel would indicate that the action of the court was construed as a refusal to give their first request. However, we have read the evidence and are satisfied that a peremptory instruction would not have been proper. As we think there was evidence enough to raise a question of fact for the jury upon all points necessary to a recovery, it was not for that court, nor is it for this, to estimate its relative weight or value.

The judgment must be reversed with costs, and a new trial awarded.