CITY OF DES MOINES, IOWA, v. DES MOINES WATER CO. et al.

(Circuit Court of Appeals, Eighth Circuit. February 24, 1916.)

No. 4462.

1. EMINENT DOMAIN ⊚⇒241—PROCEEDINGS TO ASSESS COMPENSATION—TIME FOR PAYMENT.

While the Iowa statutes make no provision for the time within which an award in a condemnation proceeding shall be paid, if the parties cannot agree, the court may determine the time within which payment shall be made.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 621–625; Dec. Dig. ⊚⇒241.]

2. JUDGMENT ⊚⇒299(1)—MODIFICATION—"FINAL JUDGMENT."

In a proceeding by a city to condemn a waterworks plant and system, a judgment fixing the value of the water plant as of April 1, 1912, giving the city one year in which to make payment thereof, and reserving for future settlement questions as to the value of additions and extensions made subsequent to April 1, 1912, was not an interlocutory but a "final judgment," which the court was powerless to modify, after the term at which it was rendered had expired, with respect to the time within which payment might be made by the city.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 583, 585, 586; Dec. Dig. ⊚⇒299(1).

For other definitions, see Words and Phrases, First and Second Series, Final Judgment.]

3. JUDGMENT ⊚⇒300—MODIFICATION—DISCRETION OF COURT.

An application for the modification of a judgment in a condemnation proceeding, giving the petitioner one year in which to pay the amount of the award, so as to extend such time, was addressed to the discretion of the court.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 581; Dec. Dig. ⊚⇒300.]

4. APPEAL AND ERROR ⊚⇒946—REVIEW—DISCRETIONARY MATTERS.

An appellate court is only justified in setting aside an order addressed to the discretion of the trial court if an abuse of discretion clearly appears.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3812; Dec. Dig. ⊚⇒946.]

---

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. JUDGMENT ⬅➡300—MODIFICATION—DISCRETION.

In a proceeding by a city to condemn a waterworks plant and system, a judgment was entered fixing the value of the plant as of April 1, 1912, giving the city one year in which to pay the award, and reserving for future consideration questions as to the value of additions and extensions subsequent to April 1, 1912. It was necessary for the city to issue bonds, and during the year allowed for payment it submitted the question of issuing such bonds to the voters at three different elections; but, though there was a majority in favor of their issuance at each election, a majority of all the votes cast at the last preceding municipal election was not cast in favor of the issuance of the bonds, as required by statute. *Held* that, even though the judgment was not final, the court did not abuse its discretion in refusing to modify the judgment by extending the time within which the city might make payment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 581; Dec. Dig. ⬅➡300.]

In Error to the District Court of the United States for the Southern District of Iowa; Arba S. Van Vaikenburg, Judge.

Eminent domain proceeding by the City of Des Moines, Iowa, against the Des Moines Water Company and others. From a judgment (218 Fed. 939), denying an application to modify a judgment previously rendered, the city brings error. Affirmed.

The parties occupied in the court below the same relative positions as plaintiff and defendants as they do in this court, and we shall therefore refer to the city as the plaintiff and the water company as the defendant. The facts are, that the city, having been authorized by a vote of the people, in conformity with the laws of the state of Iowa, to purchase or construct a system of public waterworks, instituted proceedings of condemnation under the laws of that state for the purpose of acquiring the system owned and operated by the defendant in the city of Des Moines. In conformity with the laws of that state the Supreme Court of the state, upon a petition of the plaintiff, appointed a condemnation court, which, after a hearing, fixed the value of the defendant's plant at $2,302,522, as of the 1st day of April, 1912. From this finding both parties appealed to the District Court of the county in which the waterworks are situated, as authorized by the laws of the state. Upon the petition of the defendants the cause was removed from that court to the District Court of the United States for that district.

On December 3, 1913, a judgment by consent was entered, fixing the value of the water plant at the sum found by the condemnation court, and giving the plaintiff one year from the date of the entry of the judgment to make payment for the same. The judgment further provided that upon such payment the defendant is required to turn over to the city the said water plant and system, with all its property and equipment, including all additions and extensions made thereto since the 1st day of April, 1912. The judgment then proceeded: "It is further ordered that the value of the additions and extensions to said plant made subsequent to the 1st day of April, 1912, and the amount to be paid to the Des Moines Water Company by the city of Des Moines therefor be reserved for future settlement between the parties or under the rules of practice and procedure in this court, as may later be determined, and the court reserves and retains jurisdiction of this cause for the purpose of making such further orders as may be necessary to the final settlement and determination of all matters pending herein."

On November 19, 1914, the plaintiff filed an application for an extension of time within which to pay the money adjudged to the defendant for the waterworks. The petition, after reciting the proceedings hereinbefore set out, alleges: That at the time these condemnation proceedings were commenced bonds for the purpose of paying the purchase price of the water plant could be authorized by a majority vote of the qualified electors of the

city, voting at an election called for such purpose. While these proceedings were pending, the General Assembly of the state amended that act so as to require the affirmative vote, on the question of the issuance of the bonds, to be as large as a majority of all votes cast at the last preceding municipal election. At the regular municipal election in March, 1914, the question of the issuance of the bonds in an amount sufficient to pay the value of the plant and system, as found by the court of condemnation, was submitted to a vote of the people, and, although there was a majority in favor thereof of 2,538 votes, it was not as large as a majority of all the votes cast at the last preceding municipal election, as required by the amended act referred to. That thereafter on the 1st day of June, 1914, another special election, which had been called for that purpose was had, and, although at that election there was a majority of 2,783 votes in favor of the proposition, it was not a majority sufficiently large to comply with the requirements of the law. That on the 3d of November, 1914, the proposition was again voted on by the voters of the city, and although there was a majority of 1,810 votes in favor of the issuance of said bonds, the affirmative vote was not sufficiently large, as required by law. That for these reasons, and also the fact that the bond market is such that it would be impossible to sell the bonds, if authorized, and receive therefor a reasonable and fair price, and as it would be impossible to have another election in time to authorize the issuance of the bonds, and to sell the same in time to secure the money and pay it into this court on or before the 3d day of December, 1914, provided in the order of the court, it is impossible for the city to comply with said order. That as under the order and judgment of the court the water company is to retain the water plant and system and have the earnings thereof, and is to be paid for all additions and extensions to said plant and system made after April 1, 1912, no loss or damage could be or result to the defendant, if the time for such payment should be extended by the court.

The defendant filed objections to the granting of this extension, assigning three grounds: (1) That the judgment having been rendered by the court at the November, 1913, term, which term has long since adjourned and passed, the court was without jurisdiction to grant the petition. (2) That the allegations in the petition, even if the court had jurisdiction to act on it, are not sufficient in law to warrant the court in granting it. (3) Is practically the same as the second objection, adding thereto, that there is nothing in the petition that, even if it were granted, the plaintiff could acquire the funds with which to comply with the order except by borrowing money upon the issue of bonds, and the authority to issue such bonds having been defeated at three different elections called for that purpose, there is no likelihood that the bonds would ever be authorized by a vote of the people of the city.

Upon a hearing the court refused to grant the extension upon two grounds: (1) That the judgment was final, and the term at which it was rendered having expired, the court is powerless to modify it; (2) the judgment having been entered by consent of the parties, cannot in the absence of fraud or mistake be set aside by rehearing or appeal; nor can it be modified without the consent of the parties. From this judgment of the court this appeal is prosecuted.

H. W. Byers, of Des Moines, Iowa (Eskil C. Carlson and Earl M. Steer, both of Des Moines, Iowa, on the brief), for plaintiff in error.

J. L. Parrish, of Des Moines, Iowa (W. E. Miller, of Des Moines, Iowa, on the brief), for defendants in error.

Before SANBORN and CARLAND, Circuit Judges, and TRIEBER, District Judge.

TRIEBER, District Judge (after stating the facts as above). [1] The statutes of Iowa make no provision for the time, within which an award in a condemnation proceeding shall be paid. It would be unreasonable to presume that for that reason this power does not rest somewhere, or in some tribunal. That the condemnor should be re-

quired to make payment within some reasonable time, must be recognized by all, as it is our opinion that, if the parties cannot agree among themselves within what time the money is to be paid, as was done in this instance, the court in which the cause is pending, is the proper tribunal to determine it, giving due consideration to the peculiar circumstances in each case. Unless the time of payment is either fixed by statute, or the power to do so possessed by some tribunal, the condemnor may postpone payment indefinitely, and, as stated by counsel for the defendant in their brief, "forever create a cloud upon the title to property by simply starting a condemnation proceeding, and securing a judgment fixing the value of the property." This may not be done. City of Chicago v. Barbian, 80 Ill. 486. Counsel for the city do not seriously contest this proposition.

[2] It is not disputed by counsel for the plaintiff that, if the judgment entered at the November, A. D. 1913, term, fixing the time within which the plaintiff was to pay for the waterworks, was a final judgment, the court would be powerless to modify it after the term, at which the judgment was rendered, had expired, but it is earnestly insisted that that part of the judgment, which fixes the time, within which the payment by the city was to be made, is only interlocutory, and not final, especially in view of the fact that by the judgment the court retained jurisdiction of the cause for the purpose of making such further orders as may be necessary to determine the value of the additions and extensions to the water plant made subsequent to the first day of April, 1912, the valuation of the plant having been fixed as of that date. We must, therefore, determine whether this was an interlocutory or final judgment.

At first blush, an examination of the authorities on that question, would lead one to believe that there is a hopeless conflict among them, but a more careful examination of the facts in each case shows that this conflict is only apparent and not real, and that in fact there is practically no conflict, at least among the decisions of the Supreme Court of the United States and of this court. Authorities of the Supreme Court, and which, in our opinion, are directly in point are Forgay v. Conorad, 6 How. 201, 12 L. Ed. 204; Wabash & E. Canal Co. v. Beers, 1 Black, 54, 17 L. Ed. 327; Thompson v. Dean, 7 Wall. 342, 19 L. Ed. 94; Winthrop Iron Co. v. Meeker, 109 U. S. 180, 3 Sup. Ct. 111, 27 L. Ed. 898; Re Farmers' Loan & Trust Company, 129 U. S. 206, 9 Sup. Ct. 265, 32 L. Ed. 656; Central Trust Co. v. Grant Locomotive Works, 135 U. S. 207, 10 Sup. Ct. 736, 34 L. Ed. 97; McGourkey v. Toledo, etc., R. Co., 146 U. S. 536, 13 Sup. Ct. 170, 36 L. Ed. 1079.

This court has passed upon this question a number of times and its decisions are without conflict. A leading case in this court is Chase v. Driver, 92 Fed. 780, 34 C. C. A. 668. Judge Sanborn, speaking for the court in that case, after a very careful and analytical review of all the opinions of the Supreme Court on that subject, declared the rule to be that, a decree which orders a judicial sale, or takes the property from one person, and orders it to be delivered to another, is final, although the case is referred to a master to state an account between

the parties, when the main object of the proceeding is to obtain the property in controversy from the party in possession thereof, saying:

"This is almost invariably the case in the foreclosure of a mortgage upon a great railroad, and in the disposition of valuable property involved in litigation among numerous claimants."

The opinion in that case is so elaborate and the citation of authorities so complete that nothing need be added to it. The conclusion there reached has been followed and reaffirmed by this court in a number of cases. Hapgood v. Berry, 157 Fed. 807, 85 C. C. A. 171; Byrne v. Jones, 159 Fed. 321, 90 C. C. A. 101; Home Street Ry. Co. v. City of Lincoln, 162 Fed. 133, 89 C. C. A. 133.

[3-5] But even if the judgment were not final, we would not feel at liberty to set aside the order of the trial court, refusing to grant the extension. It cannot be doubted that the application was one addressed to the discretion of the court, and the rule is well established that, in such a case an appellate court will only be justified to set aside an order addressed to the discretion of the court, if it clearly appears that there was an abuse of such discretion. That there was no such abuse appears beyond question from the statement of facts set out in the petition of the plaintiff.

As the laws of the state of Iowa require the authority to issue bonds, to pay for the waterworks condemned, from the voters of the city expressed at an election called for that purpose, the parties to this action agreed in the judgment entered by consent, that the plaintiff be given the unusual time of twelve months, to pay for the property.

As appears from the plaintiff's petition, the proposition to issue the necessary bonds was submitted to a vote of the people of the city on three different occasions, and although a majority of the voters were in favor of the bond issue at each of these elections, at neither of them was there a majority cast for the proposition of all the votes cast at the last preceding municipal election, as required by the laws of the state. The last election for that purpose was held on November 3, 1914, and it was alleged in the petition that it would be impossible for the city to hold another election in time to raise the money on or before the 3d day of December, 1914, when by the judgment of the court, it had to be paid. And it is further claimed that, as under the judgment of the court the defendant is to retain the water plant system, and have the earnings thereof, and is to be paid for all additions and extensions to said plant and system, no damage or loss could possibly result to the defendant, if the time for such payment should be extended by the court.

A complete reply to this contention is: What guaranty is there that, if the time is extended, the necessary majority could, within a reasonable time, or ever, be obtained, to issue the bonds, which are the only means, as alleged in the petition, the city has, to pay for the waterworks? At three elections the necessary majority could not be obtained. To require the defendant to hold the property subject to such an uncertainty would work great injustice, not only to the defendant, but also to the city, for, under these circumstances, the company may not be inclined to expend the moneys necessary to maintain

the system in that perfect condition so essential for the health of the people of the city and the protection of its property from fire loss. The fact that the court has, by the reservation in the judgment, the right to grant compensation for such additions, betterments and improvements may and probably will lead to further litigation, as the parties may not agree on the amounts expended for such additions, and the necessity for them.

Under these circumstances it can certainly not be claimed with any good reason that the court abused the discretion vested in it by law.

We are of the opinion that the court committed no error in denying the plaintiff's request, and its judgment is affirmed.