### FELKER et al. v. SOUTHERN TRUST CO. et al.

(Circuit Court of Appeals, Eighth Circuit.   April 8, 1920.)

No. 5469.

1. **Appeal and error ⊂⇒788—Correctness of order appealed from not ground for dismissal.**

   An appeal from an order dismissing petitions to establish claims as liens prior to the mortgage, and to compel the purchasers of mortgaged property to pay such claims, on the ground that the decree of sale and confirmation thereof finally determined that issue, will not be dismissed, though the order was correct for the reason given.

2. **Equity ⊂⇒422—Decree for sale of mortgaged property is final.**

   A decree which orders a judicial sale of specific property, under which title may pass beyond the control of the court, is a final decree, though questions of amounts owing to some parties and of accountings for the application of proceeds of the sale are reserved for subsequent decision.

3. **Mortgages ⊂⇒497(2)—Foreclosure decree final, though not adjudicating inferior claims.**

   A decree for the foreclosure of a mortgage and the sale of mortgaged property is final as to the right of lien claimants to priority over the mortgage, if it denied the priority claimed, though it did not determine the amounts of the claims as against the owner of the property.

4. **Mortgages ⊂⇒497(2)—Classification of claims in order of priority is adjudication of priority.**

   Where the decree for sale of property under mortgage classified the claims filed against the property and fixed the priority of each claim, it was a final decree as to the priority of the claims, though the court postponed deciding the amounts of some of the deferred claims until it was ascertained whether the proceeds of the sale would be sufficient to pay claims of the deferred classes.

5. **Equity ⊂⇒431—Various clauses construed to harmonize.**

   The presumption is that the court did not intend to insert inconsistent provisions in its decree, so that a particular paragraph therein must be construed to harmonize with the other paragraphs of the decree, if possible.

6. **Mortgages ⊂⇒492—Subjecting purchaser to further claims does not affect right of claims previously classed as inferior.**

   In a decree for the sale of mortgaged property, after the court had classified the claims presented and determined the priority of the various

---

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

classes, a paragraph that the purchasers would pay all claims filed in the case must be construed, to avoid nullifying the classification, to refer to the claims not disposed of by the decree, especially where the order confirming the sale required the purchasers to pay claims theretofore allowed and classed as paramount, and unadjudged claims that may be thereafter allowed and so classed.

**7. Judgment ⬅➡713(2)—New reasons for priority of claims that might have been litigated do not avoid estoppel of former decree.**

The estoppel of a final decree, which fixed the priority of claims filed, is not avoided by petitions to have certain claims established as liens of a higher class for reasons not alleged at the former hearing, where those reasons might have been so alleged.

Appeal from the District Court of the United States for the Western District of Arkansas; Frank A. Youmans, Judge.

Suit by the Southern Trust Company, as trustee, and others, against W. R. Felker and J. E. Felker, a copartnership doing business under the firm name of the W. R. Felker Construction Company, and others. From an order dismissing petitions of W. R. Felker and his partners, and their statement of election to stand on their statutory liens as superior to the mortgage, defendants Felker appeal. Affirmed.

Dick Rice, of Miami, Okl., for appellants.

D. H. Cantrell, of Little Rock, Ark. (Joseph De F. Junkin, of Philadelphia, Pa., and W. E. Hemingway, G. B. Rose, and J. F. Loughborough, all of Little Rock, Ark., on the brief), for appellees.

Before SANBORN and CARLAND, Circuit Judges, and VAN VALKENBURGH, District Judge.

SANBORN, Circuit Judge. In a suit in equity pending in the court below, to which the Southern Trust Company, the trustee in the mortgage of January 1, 1907, securing bonds overdue to the amount of some $300,000 on certain railway property, J. E. Felker, W. R. Felker, and the Felker Construction Company, a copartnership composed of J. E. Felker and W. R. Felker together, hereafter called the Felkers, claimants of some $210,000, and others, were parties, and in which suit by their pleadings and evidence the Southern Company, on the one hand, and the Felkers, on the other, had claimed the superior lien upon the mortgaged property, the court below rendered a decree of foreclosure of the mortgage and of a sale of the property dated March 8, 1918. The mortgaged property was sold under this decree to F. X. Queen, John J. Tyler, and James H. Morris, as the bondholders' protective committee, for $275,000, and that sale was confirmed by the order of the court on October 4, 1918. In December, 1918, and January, 1919, the Felkers filed petitions and a statement of their election to stand on their statutory liens upon certain of their claims, and thereby again presented the same claims for a superior lien upon the mortgaged property which they had made at the hearing before the decree, and insisted that the court ought to allow these claims, to adjudge them to be secured by a lien superior to the lien of the

mortgage, and to require the purchasers at the sale to pay these claims in addition to the $275,000 which they had paid for the mortgaged property pursuant to their bid of that amount at the sale. The Southern Company and the purchasers moved to dismiss these petitions and this statement of election, on the ground that the Felkers were estopped by the adjudication evidenced by the decree, to the effect that the lien of the mortgage was first and superior and that these claims were subject to that lien, from again litigating the question of their superiority; that motion was granted by the court, and the Felkers appealed.

[1] A motion to dismiss the appeal was made by the Southern Company and the purchasers at the sale, for the same reasons by which they persuaded the court below to make the order appealed from. But, even if those are sound reasons for that order, they are not tenable reasons why the appellants should be deprived of a review of that order and a reconsideration of those reasons by this court. The Felkers are entitled to a consideration of the merits of their case on their appeal from the order challenged, and the order to dismiss that appeal is denied.

On the first page of his brief counsel for the Felkers, referring to the decree of March 8, 1918, writes:

"If this decree is a final adjudication of the rights of the plaintiffs in error [appellants], and the purchasers are not liable under it, it is then unnecessary to go further into the other questions involved in this controversy."

Counsel here states the real issue to be determined in this court, and others, including that of the right of the Felkers to a determination of the amount of the indebtedness of the Kansas City & Memphis Railway Company, the owner of the mortgaged property subject to the mortgage, to them, will be disregarded, because they do not condition the decision of the only issue between the Felkers, on the one hand, and the Southern Company and the purchasers, on the other, that it is necessary to consider in this case. For the purposes of the discussion and the decision of that issue it will be assumed that the Kansas City Company is indebted to the Felkers upon their claims in the full amount that they claim, some $210,000. The Felkers admit that the purchasers are not liable for their claims, unless those claims are secured by a lien on the mortgaged property that is superior in equity to the lien of the mortgage of 1907. They claim, and the Southern Company and the purchasers deny, that they are so secured, and the latter insist that the Felkers are estopped from asserting or maintaining the superiority of their alleged liens by the fact that, after full hearing upon pleadings and evidence, the lien of the mortgage of 1907 was adjudged superior to the alleged liens of the Felkers by the foreclosure decree of March 8, 1918. That decree was rendered on the amended complaint of the Southern Company for a foreclosure and sale of the railroad property to pay the debt secured by the mortgage of 1907, the answer and cross-complaint of the Felkers, and the evidence of each of these parties, and it adjudged the foreclosure and sale prayed by the Southern

Company, the lienholders to whom the proceeds should be paid, their order of payment, and that the title to the mortgaged property should vest in and be held by the purchasers at the sale free and clear of all liens and claims of any of the parties to the suit.

[2] It has been the established law in the federal courts too long for debate or discussion now that a decree which orders a judicial sale of specific property under which the title may pass beyond the control of the court is a final decree, although questions of amounts owing to some of the parties and of accountings preparatory to the application of the proceeds of the sale are reserved for subsequent decision. Chase v. Driver, 92 Fed. 781, 784, 34 C. C. A. 669, 672, and cases there cited; City of Des Moines v. Des Moines Water Co., 230 Fed. 570, 573, 144 C. C. A. 624, 627. The decree of March 8, 1918, seems to fall far within this rule, and to be a final and conclusive adjudication of the very issue between the parties to this controversy.

[3] Counsel for the Felkers contends, however, that an adjudication of the amounts of the claims of the Felkers, of the amount the Kansas City Company was indebted to them thereon, and of the amount for which they are entitled to a judgment against that company, was indispensable to a final decree adjudging the superiority of the lien of the mortgage of 1907 to the alleged liens of the Felkers upon the mortgaged property, and that the decree of March 8, 1918, was not a final decree, because it did not fix and adjudge those amounts. But the object which the Southern Company sought to attain by its complaint and its evidence was to foreclose its mortgage and to apply the proceeds of the mortgaged property to the payment of the bonds that mortgage secured. It claimed no debt or liability of the Felkers to it. The controversy between it and them arose out of the claims of the Felkers that they had liens upon the mortgaged property, growing out of the indebtedness and liability of the Kansas City Company to them, which were superior in equity to the lien of the mortgage. It was a perfect defense for the Southern Company to the Felkers' claims against the mortgaged property that they had no liens on that property superior to that of the mortgage. If they had no such liens, it was immaterial to the controversy between them and the Southern Company what the amount of the Felkers' claims, or the amount of the Kansas City Company's indebtedness to them, or the amount for which they were entitled to judgment against it, was. Hence the adjudication of those matters was not only not indispensable, but it was immaterial, to a final decree between them that the lien of the mortgage upon the property was superior in equity to the alleged liens of the claims of the Felkers. If authorities for this conclusion are sought, they will be found among those mentioned in the opinions in the cases which have been cited above.

The next question is: Did the decree of March 8, 1918, and the order of the confirmation of the sale thereunder, finally adjudge as between the Southern Company and the purchasers at the sale, on the one hand, and the Felkers, on the other, that the lien of the mortgage was superior in equity to the latters' alleged liens, and that the purchasers should take and hold the mortgaged property free from their

264 F.—51

claims. Counsel for the Felkers argues that the court below had no jurisdiction to make the modification of the decree dated August 17, 1918. His argument on that subject is not persuasive, but a discussion of his contention is omitted, because, conceding that the modification did not enlarge the rights of the Southern Company or of the purchasers, or diminish those of the Felkers, the decision of the issue in controversy must be the same as it would be if that modification were given its full force.

[4] Counsel insists that the Felkers' rights to a hearing and adjudication of their contentions that their claims were secured by liens superior in equity to the lien of the mortgage of 1907 were reserved by the court for subsequent determination by the terms of the decree and of the order of confirmation of the sale, and that by those terms the liability was imposed upon the purchasers to pay the Felkers' claims when the court should subsequently hold them to be superior in equity to the lien of the mortgage. Whether or not this position is tenable must be decided, not by a consideration of a part, but by a consideration of all, the provisions of the decree that are pertinent thereto. That decree is a decree of foreclosure of the mortgage of 1907 and of a sale of the mortgaged property to pay the bondholders secured thereby. It first classifies the claims for liens upon that property of the parties to the suit into six classes, adjudges that the claims for liens of the first class have the first liens upon the mortgaged property, that those of each of the next four classes have liens thereon subject to those of the classes preceding it, that the claims of these classes shall be paid out of the proceeds of the property in the order of their numbers, classifies one of the Felkers' claims, for $4,411.75, in the second class, the mortgage of 1907 in the third class, and all the other claims not specified in the first five classes, including those of the Felkers here in controversy, in the sixth class, and adjudges that, as these claims of the Felkers are in dispute, they will not be adjudicated unless, after the sale, there are funds applicable to their payment, and reserves the cause for that purpose in that event. The funds derived from the proceeds of the sale were not sufficient to pay the claims of the third class, and none of them were applicable to the payment of those of the sixth class. In this decree of classification there inheres a conclusive adjudication that the Felkers' claims now presented, which were adjudged in the sixth class, were inferior in equity to that of the Southern Company, which was adjudged in the third class.

[5, 6] But counsel cites the subsequent paragraph of the decree, to the effect that the purchaser or purchasers, as a part of the consideration for the property, shall pay certain receiver's debts "and all claims filed in this case," when the court shall adjudge them prior in lien to the mortgage; but this paragraph must be read and interpreted with the other paragraphs of the decree, so as, if possible, to make them accordant and not discordant therewith. The presumption must be that the court did not intend to, and did not, insert inconsistent provisions in its decree. In the earlier part of that decree it had adjudged the class and rank of many claims. If this clause, that the

purchasers should pay all claims filed in this case when the court shall subsequently adjudge them superior to the lien of the mortgage, were to be taken literally, it would include all claims adjudged by the decree, for they had all been filed, and with that interpretation this paragraph would nullify the adjudication of every claim adjudged by the decree. It would include the claims of the parties to the suit, and yet another paragraph of the decree declares that the purchaser or purchasers shall hold the railroads and property free and discharged of all liens of the mortgage, "and from all claims of the parties to this suit, or any of them," and the Felkers were parties to the suit.

Another paragraph provides that "all claims not hereby disposed of and determined are hereby reserved for further adjudication." But the claims of the Felkers to a lien upon the mortgaged property superior to that of the Southern Company were disposed of by the adjudication of their classes and order of payment. In view of these considerations, the contention that the claims of the Felkers that were adjudged to be in the sixth class by the decree were also included or intended to be included in the provision that the purchasers should pay all claims filed in the case upon their subsequent adjudication superior to the mortgage cannot be sustained. The true construction of that provision is that it does not include claims for liens which by the other provisions of the decree were adjudged and disposed of, after a final hearing of the parties in interest on pleadings, evidence, and argument. If any doubt remains that this is the true construction of this decree, the order of confirmation of the sale would remove it. That order confirmed the foreclosure sale—

"on condition that the purchasers pay on demand all claims that have heretofore been allowed by the court, and classed prior and paramount to the lien of the first mortgage, and all claims not heretofore adjudged or classed by the court, but which are unadjudged, and that may be hereafter allowed by the court and so classed."

The claims of the Felkers that were adjudged in the sixth class, and that are now presented here, do not fall within this condition. They were not among those "allowed by the court and classed prior and paramount to the lien of the first mortgage"; nor were they among the claims "not heretofore adjudged or classed by the court, but which were unadjudged," for they had been adjudged to have no liens prior or paramount to the lien of the first mortgage, and had been classed in the sixth class. This condition in the order of confirmation became part of the contract of sale between the court, its officers, and the parties to the suit, on the one hand, and the purchasers, on the other, and in equity estopped the former from maintaining any claim that the purchasers took the title subject to, or that they could be required to pay, these claims of the Felkers on any subsequent adjudication by the court of their superiority to the lien of the mortgage.

And the unavoidable conclusion is that the decree of March 8, 1918, was a final decree; that upon pleadings and evidence of the Southern Company and of the Felkers, which presented the issue whether the mortgage of the Southern Company or the claims of the Felkers here in controversy constituted the superior lien upon the mortgaged

property, the parties had a final hearing; and the court upon consideration deliberately decided and decreed that the mortgage was the first and superior lien upon the property to which the claims of the Felkers were inferior and subject. That decree and the order of the confirmation of the sale, from neither of which was any appeal perfected, rendered that issue res adjudicata, and estopped the Felkers from again litigating it.

[7] In the petitions and statement of election of December, 1918, and January, 1919, and in the record of the hearing, the Felkers have presented some new reasons why their claims were entitled to liens superior to that of the mortgage; but this fact does not relieve them from the estoppel of the former adjudication of their claims. They now present the same claims against the Southern Company and the purchasers under it to liens on the mortgaged property superior to that of the mortgage that they presented at the final hearing before the decree, although they add to the reasons they gave for the superiority of their alleged liens that some of the claims are sustained by the statutes of Arkansas, and some other suggestions of a similar character. There is, however, no fact, ground, or reason for adjudging a lien securing any of their claims to be superior to that of the mortgage, which they now urge, that they could not have pleaded, proved, or presented at the hearing before the decree.

In a second litigation between the same parties, or those in privity with them, upon the same claims or demands, a judgment or decree upon the merits is conclusive, not only as to every matter offered, but as to every matter which might have been offered, in the first litigation, to sustain or defeat in whole or in part the claims or demands. Cromwell v. County of Sac, 94 U. S. 351, 352, 24 L. Ed. 195; St. Louis, K. C. & C. R. Co. v. Wabash R. Co., 152 Fed. 849, 861, 81 C. C. A. 643, 652; Bunch v. United States, 252 Fed. 673, 675, 164 C. C. A. 513, 515; Manhattan Trust Co. v. Trust Co. of North America, 107 Fed. 328, 332, 46 C. C. A. 322, 326; Southern Minn. Ry. Ext. Co. v. St. Paul & S. C. R. Co., 55 Fed. 690, 694, 5 C. C. A. 249, 253.

The decree of dismissal of the petitions and statement of election and claims of the Felkers, and of each of them, to a lien upon the mortgaged property superior to that of the mortgage of 1907, was right, and it is affirmed.

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes