## WINTHROP IRON CO. and Another *v.* MEEKER and Another.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF MICHIGAN.——MOTION TO DISMISS THE APPEAL.

Submitted October 15th, 1883.—Decided November 5th, 1883.

*Appeal—Final Judgment.*

Stockholders in a corporation filed a bill praying to have proceedings at a meeting of stockholders in the corporation and proceedings of the board of directors, under a supposed authority derived therefrom, set aside as fraudulent and void, and a receiver appointed. The court below made a

decree setting aside the proceedings and appointed a receiver; and added to the decree a clause reserving to itself such further directions respecting costs, &c., as might be necessary to carry the decree into execution. An appeal being taken, a motion was made to dismiss the appeal on the ground that the decree appealed from was not a final decree : *Held*,

1. That the decree appealed from was final as to all the relief prayed for in the bill.
2. When a decree decides the right to and possession of the property in contest, and the party is entitled to have it immediately carried into execution, it is a final decree, although the court below retains possession of so much of the decree as may be necessary for adjusting accounts between the parties.

*Mr. R. D. Massey* for appellants
*Mr. F. Ullmann* for appellees.

Mr. Chief Justice Waite delivered the opinion of the court.

This is a motion to dismiss an appeal because the decree appealed from is not a final decree. The motion papers show that the appellees, Meeker, Brown, and Brooks, a minority of the stockholders of the Winthrop Iron Company, on or about the 12th of November, 1881, filed a bill in equity in the Circuit Court of the United States for the Western District of Michigan against the Winthrop Iron Company, the Winthrop Hematite Company, and certain directors of the Iron Company who were the stockholders of the Hematite Company, the object and purpose of which was to set aside as fraudulent and void the proceedings of the stockholders of the Iron Company at a meeting held in Chicago on the first of October, 1881, and to have a receiver appointed to take possession of the property of the company and manage its affairs. The effect of the proceedings of the meeting complained of was, as alleged, to authorize a lease of the property of the Iron Company to the Hematite Company from and after the first of December, 1882, for the personal advantage of the majority stockholders of the Iron Company, regardless of the rights of the minority. The stockholders of the Hematite Company were also elected directors of the Iron Company, and constituted a majority of the board. On the second day of October, 1882, the cause was submitted to the court upon the pleadings, proofs, and arguments of counsel. From the proofs it appeared that notwith-

standing the pendency of the suit, the Iron Company had, on the 30th of November, 1881, executed a lease to the Hematite Company, according to the vote of the stockholders.   On the 6th of April, 1883, a decree was rendered which, in effect, adjudged that the proceedings of the meeting were in fraud of the rights of the minority stockholders, and that the lease which had been executed in accordance with the authority then given was "null and void, for the fraud of the defendants, the Winthrop Hematite Company and the St. Clair Brothers," the majority stockholders and directors of the Iron Company, " in procuring the same."   By the same decree a receiver was appointed to take charge of and manage the business of the Iron Company, evidently because a majority of the board of directors, after the election at the October meeting, were considered unfit to control its affairs, as their personal interests were in conflict with the interests of the company.   Both the Iron Company and Hematite Company, as well as the defendant directors of the Iron Company, were ordered to "forthwith surrender and deliver to" the receiver all the property of the Iron Company, and "all corporate records and papers."   The receiver was fully authorized to "continue the management of the business of the . . . . company, with power to lease or operate its mines and plants until the further order of the court."   The decree further ordered an accounting before a master by the Hematite Company and the defendant directors of the Iron Company, for all profits realized from the use of the leased property after the 1st of December, 1882, the date of the beginning of the term under the lease which had been set aside. There was also an order for an accounting by the defendant directors "concerning the ores mined by them, and the royalty upon such ores due and owing by them to the . . . company, and concerning the rights and obligations of the lessor and lessee, under and according to a lease mentioned in the bill, . . . expiring on December 1st, 1882."   At the foot of the decree is the following: "And the court reserves to itself such further directions as may be necessary to carry this decree into effect, concerning costs, or as may be equitable and just." From this decree the appeal was taken.

In our opinion the decree as entered is a final decree, within the meaning of section 692 of the Revised Statutes, regulating appeals to this court. The whole purpose of the suit has been accomplished. The lease made under the authority of the meeting of October, 1881, has been cancelled, and the management of the affairs of the company has been taken from the board of directors, a majority of whom were elected at that meeting, and committed to a receiver appointed by the court, plainly because, in the opinion of the court, the rights of the minority stockholders would not be safe in the hands of directors elected by the majority. In order that the receiver may perform his duties, the defendants are required to turn over to him the entire property and records of the company. The accounting ordered is only in aid of the execution of the decree, and is no part of the relief prayed for in the bill, which contemplated nothing more than a rescission of the authority to execute the fraudulent lease, or a cancellation of the lease if executed, and a transfer of the management of the affairs of the company from a board of directors, whose personal interests were in conflict with the duty they owed the corporation, to some person to be designated by the court. The litigation of the parties as to the merits of the case is terminated, and nothing now remains to be done but to carry what has been decreed into execution. Such a decree has always been held to be final for the purpose of an appeal. *Bostwick* v. *Brinkerhoff*, 106 U. S. 3, and the cases there cited. In *Forgay* v. *Conrad*, 6 How., at p. 204, it was said by Chief Justice Taney, for the court:

"And when the decree decides the right to the property in contest, and directs it to be delivered by the defendant to the complainant, . . . . and the complainant is entitled to have such a decree carried immediately into execution, the decree must be regarded as a final one to that extent, and authorizes an appeal to this court, although so much of the bill is retained in the circuit court as is necessary for the purpose of adjusting, by a further decree, the accounts between the parties pursuant to the decree passed. This rule, of course, does not apply to cases where money is directed to be paid into court, or property to be

delivered to a receiver, or property held in trust to be delivered to a new trustee appointed by the court, or to cases of a like description. Orders of that kind are frequently and necessarily made in the progress of a cause. But they are interlocutory only, and intended to preserve the subject-matter in dispute from waste or dilapidation, and to keep it within the control of the court until the rights of the parties concerned can be adjudicated by a final decree."

Here the rights of the Hematite Company and the defendant directors of the Iron Company have been adjudicated and definitely settled. Their lease, which was in reality the subject-matter of the action, has been cancelled, and a delivery of the leased property to the Iron Company has been ordered. The complainants are entitled to the immediate execution of such a decree. The receiver to whom the delivery is to be made was not appointed to hold the property until the rights of the parties could be adjudicated, but to stand, subject to the direction of the court, in the place of and as and for the corporation, because, under the circumstances, the corporation is incapacitated from acting for itself. His position is like that of the guardian of the estate of an incompetent person. He represents the Iron Company, and a delivery of the leased property to him is a delivery in fact and in law to the company itself; that is to say, to the party for whose use the suit was prosecuted. The complainant stockholders sue for the company, and the delivery to the receiver is a delivery to the company that has been adjudged to be entitled to immediate possession, notwithstanding the lease to the Hematite Company. The defendant directors have not in form been removed from their office, but their power as directors has been taken from them, and they are no longer able to carry into effect the orders of the stockholders made in fraud of the rights of the minority at the meeting in October. A new officer has been appointed to stand in the place of the directors as manager of the affairs of the company. In the words of Mr. Justice McLean in *Craighead* v. *Wilson*, 18 How., at p. 201, the decree is final "on all matters within the pleadings," and nothing remains to be done but to adjust the accounts between the parties grow-

ing out of the operations of the defendants during the pendency of the suit. The case is altogether different from suits by patentees to establish their patents and recover for the infringement. There the money recovery is part of the subject-matter of the suit. Here it is only an incident to what is sued for.

*The motion to dismiss is denied.*