129 F.2d 678 (1942)
UNITED STATES
v.
243.22 ACRES OF LAND IN TOWN OF BABYLON, SUFFOLK COUNTY, N. Y., et al.
No. 349.
Circuit Court of Appeals, Second Circuit.
June 26, 1942.
*679 Before SWAN, CHASE, and FRANK, Circuit Judges.
Norman M. Littell, Asst. Atty. Gen., Harry T. Dolan, Sp. Asst. to Atty. Gen., and Vernon L. Wilkinson and Roger P. Marquis, Attys., Department of Justice, both of Washington, D. C., for the United States.
E. John Ernst, Jr., of New York City, for defendant-appellant.
FRANK, Circuit Judge.
On December 17, 1940, the Secretary of War, in a letter to the Attorney General, requested the institution of proceedings to condemn appellant's lands, stating that such acquisition was necessary for military purposes under the Act of July 2, 1940, 54 Stat. 712, 41 U.S.C.A. preceding section 1. Respondent filed its petition in the court below to acquire the lands on December 19, 1940, attaching the Secretary's letter as an exhibit to the petition. At the same time, it filed a declaration of taking (signed by the Secretary), pursuant to the Act of February 26, 1931, 40 U.S.C.A. § 258a, and deposited in court the estimated compensation of $111,809.40. Judgment was entered the next day, December 20, 1940, declaring that fee simple title had vested in the United States and that the right to just compensation had vested in the persons entitled thereto, and directing immediate delivery of possession to respondent.
Appellant, by answer filed September 11, 1941, asked dismissal of the proceeding on the ground that, rather than for public use, the land was being taken for the private use of the Republic Aviation Corporation, the answer alleging that the United States had leased the land to that company for five years with an option in the company to purchase at the expiration of the lease. The answer also alleged that the deposit was so small as to violate appellant's right to just compensation, and that the proceeding was not authorized by law. An amended petition was then filed by respondent, alleging the claims of ownership with greater particularity. Appellant answered this petition three days later; this answer, repeating the defenses contained in the original answer, alleged that the court had no jurisdiction and that the petition did not state facts sufficient to constitute a cause of action. Appellant subsequently moved for a bill of particulars seeking inter alia, details as to the arrangement with Republic Aviation Corporation.[1] The trial court, on November 3, 1941, denied this motion. Appellant also made demand for a jury trial on the issues raised by its answer; on November 8, 1941, the court, by order, granted a motion to strike this demand.[2]
Trial then ensued on the issues other than compensation. Respondent's evidence consisted of the Secretary's letter and of the declaration of taking signed by him. The court excluded appellant's offered evidence relating to negotiations between appellant and Republic and Republic Aviation Corporation concerning purchase of the land and to the alleged lease of the land to the company by the United States. On January 20, 1942, a judgment of condemnation was entered. Subsequently, on motion of respondent, the court entered an order directing that compensation be determined by the court rather than by commissioners.
Appellant appeals from the judgment of January 20, 1942, and from the several orders above mentioned.
1. A question is raised as to our jurisdiction to entertain the appeal from the judgment of condemnation entered, on January 20, 1942, after a trial upon issues other than that of compensation, but when compensation still remained to be determined. Our appellate jurisdiction is limited *680 to "final decisions," with exceptions here irrelevant. 28 U.S.C.A. § 225. The judgment here, if it is not final, is not one of the kinds of interlocutory orders from which appeal is allowed under 28 U.S.C.A. § 227.
"Final" is not a clear one-purpose word; it is slithery, tricky. It does not have a meaning constant in all contexts. What was said as to "final" orders a half century ago still holds: "The cases, it must be conceded, are not altogether harmonious."[3] There is, still, too little finality about "finality."[4] "`A final decision' is not necessarily the ultimate judgment or decree completely closing up a proceeding."[4a] But it is not easy to determine what decisions short of that point are final.
In Latta v. Kilbourn, 150 U.S. 524, 14 S. Ct. 201, 37 L.Ed. 1169, a decree in a suit for an accounting was held not to be appealable where it determined that a partnership existed and that one partner was entitled to a share of the profits but referred the case to a master to state an account. Appellate jurisdiction was denied, in Clark v. Roller, 199 U.S. 541, 26 S.Ct. 141, 50 L.Ed. 300, of an appeal from a decree confirming the report of commissioners in a partition sale, ordering a conveyance and sale, with such distribution as might be ordered when the sale was confirmed. A similar decision was made in Rexford v. Brunswick-Balke-Collender Co., 228 U.S. 339, 33 S.Ct. 515, 57 L. Ed. 864, where, in a suit to cancel deeds to growing timber and to enjoin defendant from cutting the same, the decree adjudged defendant to have the right of possession, but appointed a master to take further evidence as the identity of trees covered by the deeds. In Keystone Manganese & Iron Co. v. Martin, 132 U.S. 91, 10 S.Ct. 32, 33 L.Ed. 275, a decree of injunction restraining the defendant from trespassing on plaintiff's land and from taking mineral ore therefrom was held not appealable where the decree also provided that defendant account for ore already taken. In Smith v. Vulcan Iron Works, 165 U.S. 518, 17 S.Ct. 407, 41 L.Ed. 810, a decree adjudged a patent valid and infringed, and granted an injunction; but also ordered an accounting. That decree was appealable under the explicit terms of what is now 28 U.S.C.A. § 227, permitting an appeal from an interlocutory order granting an injunction; the Court held that, on such an appeal, the merits could be considered; even that ruling was limited in Ex parte National Enameling & Stamping Co., 201 U.S. 156, 162-163, 26 S.Ct. 404, 50 L.Ed. 707, which case was later approved in Simmons Co. v. Grier Bros. Co., 258 U.S. 82, 90, 42 S.Ct. 196, 66 L.Ed. 475 (citing Keystone Manganese & Iron Co. v. Martin, supra). The admiralty cases, where appeals from decrees are allowed, although damages remain to be determined, are founded on the express provisions of 28 U.S.C.A. § 227 as to interlocutory appeals in admiralty.[5]
*681 We may perhaps disregard, as not too relevant here, the cases relating to an appeal where suit is dismissed as to some but not all the parties,[6] and those where suit is dismissed as to some but not all of several so-called "causes of action."[7] Although Collins v. Miller, 252 U.S. 364, 370, 371, 40 S. Ct. 347, 64 L.Ed. 616, may be distinguished on that ground and for other reasons,[8] its summary of the pertinent rules[9] cannot be ignored here, even if we have in mind the caution found in Cohens v. Virginia, 6 Wheat. 264, 339, 5 L.Ed. 257,[10] as to the limited precedential value of excessive generalizations in opinions.
There is, however, a different category of cases. In Forgay v. Conrad, 6 How. 201, 204, 12 L.Ed. 404, a decree set aside certain deeds as fraudulent and void; it ordered that certain lands and slaves should be delivered to the complainant, that one of the defendants should pay a certain sum of money to the complainant and that the complainant should have execution for these matters; it also provided that a master should take an account of the profits of the lands and slaves and of certain monies and notes. The court held that this decree was appealable. It said: "If these appellants, therefore, must wait until the accounts are reported by the master and confirmed by the court, they will be subjected to irreparable injury. For the *682 lands and slaves which they claim will be taken out of their possession and sold, and the proceeds distributed among the creditors of the bankrupt, before they can have an opportunity of being heard in this court in defence of their rights. We think, upon sound principles of construction, as well as upon the authority of the cases referred to, that such is not the meaning of the acts of Congress. And when the decree decides the right to the property in contest, and directs it to be delivered up by the defendant to the complainant, or directs it to be sold, or directs the defendant to pay a certain sum of money to the complainant, and the complainant is entitled to have such decree carried immediately into execution, the decree must be regarded as a final one to that extent, and authorizes an appeal to this court, although so much of the bill is retained in the Circuit Court as is necessary for the purpose of adjusting by a further decree the accounts between the parties pursuant to the decree passed."[11] The same ruling was made in Thomson v. Dean, 7 Wall. 342, 345, 19 L. Ed. 94. There, in a suit relating to the ownership and transfer of certain shares of stock, the decree decided that the right of both was in the plaintiff and directed the shares to be delivered by the defendant to the complainant; the decree left to be adjusted certain accounts between the parties. The court said: "In this case the decree directs the performance of a specific act, and requires that it be done forthwith. The effect of the act when done is to invest the transferees with all the rights of ownership. It changes the property in the stock as absolutely and as completely as could be done by execution on a decree for sale. It looks to no future modification or change of the decree. No such change or modification was possible after the term, except on rehearing or by bill of review in the Circuit Court, or through appeal in this court."
Cf. Gulf Refining Co. v. United States, 269 U.S. 125, 136, 46 S.Ct. 52, 70 L.Ed. 195; Lewisburg Bank v. Sheffey, 140 U.S. 445, 452, 11 S.Ct. 755, 35 L.Ed. 493; Winthrop Iron Co. v. Meeker, 109 U.S. 180, 3 S.Ct. 111, 27 L.Ed. 898; City of Des Moines v. Des Moines Water Co., 8 Cir., 230 F. 570, 573; Chase v. Driver, 8 Cir., 92 F. 780; Mayer v. White, 8 Cir., 12 F.2d 710, 714; Rector v. United States, 8 Cir., 20 F.2d 845, 860, 861; Marian Coal Co. v. Peale, 3 Cir., 204 F. 161, 163, 164; City of Eau Claire v. Payson, 7 Cir., 107 F. 552.
The decisions as to the appealability of judgments of condemnation seem, at first glance, to preclude our retaining jurisdiction here: In Luxton v. North River Bridge Co., 147 U.S. 337, 13 S.Ct. 356, 37 L.Ed. 194, and Southern Ry. Co. v. Postal Tel. Cable Co., 179 U.S. 641, 21 S.Ct. 249, 45 L.Ed. 355, both condemnation suits, appellate jurisdiction was denied where damages remained to be assessed. It was similarly denied in Grays Harbor Logging Co. v. Coats-Fordney Logging Co., 243 U.S. 251, 37 S.Ct. 295, 61 L.Ed. 702, on writ of error to a State court, although in that State an immediate appeal was allowed.[12]
However, in those cases, under the applicable statutes, there could be and there was no judgment as to title and possession until after the damages had been determined.[13] Here the appeal is from a judgment of condemnation which, under the applicable statutory provisions, determined, after a trial, that the United States had title *683 and was entitled to possession so that, if the appeal is postponed until after damages are assessed, the United States may, in the interval, enter upon the land and erect structures thereon or otherwise so act as to change the status substantially. The judgment of January 20, 1942, is, therefore, similar to the orders held appealable in Forgay v. Conrad, supra, and Thomson v. Dean, supra.
Oakland v. United States, 9 Cir., 124 F. 2d 959, involved an appeal from a judgment under the same statutory provisions. The judgment there, however, was not after a trial but was ex parte, like the order entered in the instant case on December 20, 1940, before an answer was filed by appellant, and which has not been appealed. The judgment from which an appeal was taken in the Oakland case[14] was, therefore, less "final" than the condemnation order of January 20, 1942, from which appeal was taken here.[15] Yet the court of appeals in the Oakland case passed on the merits. Its opinion does not mention the question of appellate jurisdiction, although our examination of the briefs shows that that question had been raised. Certiorari was denied, May 14, 1942, 62 S.Ct. 1106, 86 L.Ed. ___. Although the parties in the pleadings and briefs in the Supreme Court did not discuss the jurisdictional issue, we might perhaps regard the Oakland case as justifying an appeal here. But we do not rest our decision on such an uncertain foundation.[16]
2. Appellant has also appealed from an order made on the motion of the United States, directing that compensation be determined by the court rather than by commissioners. As no compensation had been determined when the appeal was taken, that order is patently interlocutory and we, therefore, dismiss the appeal therefrom.[17]
3. There was no error in denying appellant the bill of particulars and in excluding the offered proof. The alleged errors related to appellant's efforts to show that the Secretary of War was not acting in good faith and was abusing his powers in that, although, in accordance with the Act, he had stated that the taking of the land was necessary in the interest of national defense, he was proposing, pursuant to statute, to have the United States lease the land, with an option to purchase, to Republic Aviation Corporation, which is engaged in manufacturing airplanes for the United States. The decision of the Secretary of War is not open to judicial inquiry.[18] That is fortunate, for if it were open, the ensuing delay would delight our country's enemies.
4. There was no error in the denial of a trial by jury. The conformity provisions of the Act permit procedures which are allowed in comparable cases in the courts of New York, and there jury trials are not required. New York Condemnation Law, § 13, Consol.Laws, c. 73. Nor is trial by jury compelled by the provision of the Seventh Amendment that "the right of trial by jury shall be preserved." In Crane v. Hahlo, 258 U.S. 142, 147, 42 S.Ct. 214, 216, 66 L.Ed. 514, it was said that the trial of condemnation cases by a "non-judicial tribunal" was "common in England and in this country prior to the adoption of the federal *684 Constitution * * *."[19] That fact has been clearly established by Paxton Blair in an illuminating article, Federal Condemnation Proceedings And The Seventh Amendment, 41 Harv.L.Rev. (1927) 29; that article also discusses in detail the numerous cases[20] in which the Supreme Court has said, in what are perhaps dicta, but well considered dicta, that there is no constitutional right to trial by jury of such cases. It has been held that the Seventh Amendment does not even require that all the "old forms of practice and procedure be retained" even where there is a constitutional right to a jury trial. Ex parte Peterson, 253 U.S. 300, 309, 40 S.Ct. 543, 546, 64 L.Ed. 919. And it surely does not compel the use of a jury except in the types of litigation in which jury trials were customary when the Amendment was adopted.[21]
Moreover, if there was error in the denial of the jury trial here, it was harmless error: Appellant not only does not want a jury with respect to the issue of damages but insists that damages shall be ascertained by commissioners. The only other issues in the case concerned the validity of the taking; and our previous discussions to show that, had there been a jury trial of those issues, the judge would have been required to direct a verdict. There is no constitutional right to have twelve men sit idle and functionless in a jury-box.
Judgment affirmed.
NOTES
[1] Other items of the bill of particulars were later abandoned by appellant.
[2] That order was interlocutory; Beaunit Mills v. Eday Fabric Sales Corporation, 2 Cir., 124 F.2d 563.
[3] McGourkey v. Toledo & O. Cent. R. Co., 1892, 145 U.S. 536, 544, 13 S.Ct. 170, 36 L.Ed. 1079. This was not a case involving "finality" for appeal purposes, yet it has often been cited in such cases. See Crick, The Final Judgment Rule as a Basis for Appeal, 41 Yale L.J. (1932) 539, 561-562.
[4] See Crick, loc. cit. There are several bases of the policy against piecemeal appeals. In part, as Crick shows, it has its roots in the accidents of the history of common law procedure. In part, it stems from the desire to prevent interruptions of trials to rectify errors which often turn out to be harmless. Cf. Perkins v. Endicott Johnson Corp., 2 Cir., 128 F.2d 208; Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783. In part, it derives from a desire to prevent congestion in appellate courts. Whether that last purpose has been served is by no means certain; as the question of what is "final" provokes many appellate court decisions, this may be an instance where, as Crick says, a labor-saving device causes more labor than it saves.

The matter is further complicated by the unsettled character of the escapes from the finality doctrine through recourse to the so-called extraordinary remedies. See Crick, loc. cit., 553-557; cf. Ex parte Edelstein, 2 Cir., 30 F.2d 636.
For a litigant, the uncertainty as to "finality" is dangerous because, if an order is appealable, a delay in appealing therefrom may be fatal; that induces many appeals which are held to be premature. It has been suggested that the statute be amended so that, in certain instances, appeals will be optional; some orders would be sufficiently final to be at once appealable but not so final as to preclude postponement of appeal until the close of all phases of the suit. Cf. Finality of Judgment in Appeals from Federal District Courts, 49 Yale L.J. (1940) 1476, 1482, 1483; 3 Moore, Federal Practice, 1941 Supplement, p. 99, note 34.
[4a] Rubert Hermanos, Inc., v. People of Puerto Rico, 1 Cir., 118 F.2d 752, 757.
[5] As to limitations on appeals in admiralty where § 227 does not apply, see Nyanza Steamship Co. v. Jahncke Dry Dock Co., 264 U.S. 439, 44 S.Ct. 355, 68 L.Ed. 777. Cf. La Bourgogne, 210 U. S. 95, 28 S.Ct. 664, 52 L.Ed. 973.
[6] See, e. g., Hohorst v. Hamburg-American Packet Co., 148 U.S. 262, 13 S.Ct. 590, 37 L.Ed. 443; Bank of Rondout v. Smith, 156 U.S. 330, 15 S.Ct. 358, 39 L. Ed. 441; Atwater v. North American Coal Corp., 2 Cir., 111 F.2d 125, and cases there cited; Hunteman v. New Orleans Public Service, 5 Cir., 119 F.2d 465. Cf. Thompson v. Murphy, 8 Cir., 93 F.2d 38.
[7] See, e. g., Reeves v. Beardall, May 11, 1942, 62 S.Ct. 1085, 86 L.Ed. ___; Collins v. Metro-Goldwyn Pictures Corp., 2 Cir., 106 F.2d 83; Rosenblum v. Dingfelder, 2 Cir., 111 F.2d 406; Atwater v. North American Coal Corp., supra; Sidis v. F-R Pub. Corp., 2 Cir., 113 F.2d 806, 138 A.L.R. 15. Cf. 3 Moore, Federal Practice, 1941, Supplement, 92-100, 185-186; United States v. Florian, 312 U.S. 656, 61 S.Ct. 713, 85 L.Ed. 1105, reversing Florian v. United States, 7 Cir., 114 F.2d 990.
[8] Collins v. Metro-Goldwyn Pictures Corp., supra.
[9] In Collins v. Miller, supra [252 U.S. 364, 40 S.Ct. 349, 64 L.Ed. 616], the court said: "A case may not be brought here by appeal or writ of error in fragments. To be appealable, the judgment must be, not only final, but complete. United States v. Girault, 11 How. 22, 32, 13 L.Ed. 587; Holcombe v. McKusick, 20 How. 552, 554, 15 L.Ed. 1020; Bostwick v. Brinkerhoff, 106 U.S. 3, 4, 1 S.Ct. 15, 27 L.Ed. 73; Grant v. Phoenix [Mut. Life] Ins. Co., 106 U.S. 429, 431, 1 S.Ct. 414, 27 L.Ed. 237; Dainese v. Kendall, 119 U.S. 53, 7 S.Ct. 65, 30 L. Ed. 305; Covington v. First National Bank [of Covington], 185 U.S. 270, 277, 22 S.Ct. 645, 46 L.Ed. 906; Heike v. United States, 217 U.S. 423, 429, 30 S. Ct. 539, 54 L.Ed. 821; Rexford v. Brunswick-Balke-Collender Co., 228 U.S. 339, 346, 33 S.Ct. 515, 57 L.Ed. 864. And the rule requires that the judgment to be appealable should be final not only as to all the parties, but as to the whole subject-matter and as to all the causes of action involved. Louisiana Navigation Co. v. Oyster Commission, 226 U.S. 99, 101, 33 S.Ct. 78, 57 L.Ed. 138; Sheppy v. Stevens [2 Cir.], 200 F. 946. The seeming exception to this rule by which an adjudication final in its nature of matters distinct from the general subject of the litigation, like a claim to property presented by intervening petition in a receivership proceeding, has been treated as final, so as to authorize an appeal without awaiting the termination of the general litigation below ([Central] Trust Co. v. Grant Locomotive Works, 135 U. S. 207, 224, 10 S.Ct. 736, 34 L.Ed. 97; Williams v. Morgan, 111 U.S. 684, 699, 4 S.Ct. 638, 28 L.Ed. 559; Trustees v. Greenough, 105 U.S. 527, 26 L.Ed. 1157), has no application here. Nor have cases like Forgay v. Conrad, 6 How. 201, 204, 12 L.Ed. 404, and Thomson v. Dean, 7 Wall. 342, 345, 19 L.Ed. 94, where decrees finally disposing of property which the successful party was entitled to have carried into execution immediately, were held appealable, although certain accounts pursuant to the decree remained to be settled."
[10] See, also, Humphrey's Executor v. United States, 295 U.S. 602, 607, 55 S. Ct. 869, 79 L.Ed. 1611; Myers v. United States, 272 U.S. 52, 142, 143, 47 S.Ct. 21, 71 L.Ed. 160; O'Donoghue v. United States, 289 U.S. 516, 546, 550, 53 S.Ct. 740, 77 L.Ed. 1356; Weyerhaeuser v. Hoyt, 219 U.S. 380, 394, 31 S.Ct. 300, 55 L.Ed. 258; Taylor v. Voss, 271 U. S. 176, 185, 46 S.Ct. 461, 70 L.Ed. 889; Perkins v. Endicott Johnson Corp., 2 Cir., May 6, 1942, 128 F.2d 208.
[11] The court also said: "And if, by an interlocutory order or decree, he is required to deliver up property which he claims, or to pay money which he denies to be due, and the order immediately carried into execution by the Circuit Court, his right of appeal is of very little value to him, and he may be ruined before he is permitted to avail himself of the right."
[12] The court there perhaps intended to overrule Wheeling & Belmont Bridge Co. v. Wheeling Bridge Co., 138 U.S. 287, 290, 11 S.Ct. 301, 34 L.Ed. 967. But see Dieckmann v. United States, 7 Cir., 88 F. 2d 902, 904, where, in denying appellate jurisdiction, the court noted that in the Wheeling & Belmont Bridge case, a question of constitutionality was presented and, under the state law, a denial of appellate jurisdiction by the United States Supreme Court would have meant a denial of the right ever to bring that question before that court.
[13] In the Luxton case, supra [147 U.S. 337, 13 S.Ct. 358, 37 L.Ed. 194], the court said: "As by the proceedings in the Circuit Court of the United States, in the case at bar, neither the title of the corporation in the land to be taken, nor the right of the owner to damages for taking it, would be adjudicated or established before the return of the award of the commissioners, it necessarily follows, under the acts of congress and the decisions of this court, that the order appointing commissioners was interlocutory only, and that this writ of error was prematurely sued out, and must be dismissed for want of jurisdiction."
[14] The appeal there was from an order denying a motion to vacate the ex parte judgment.
[15] In the Oakland case, 124 F.2d at page 963, the court said: "As the learned District Court * * * points out, there will be ample opportunity, if relief is prayed for on any such grounds, for appellant to be heard on the question that the Secretary of War was acting without authority or that there was no necessity for the Government to acquire the land or any other reason that would make the action of the officials wrongful or fraudulent."
[16] It is arguable that, if the ex parte order in the Oakland case, entered before the defendant was served and before trial, was "final" and appealable, the same was true of the similar order here (i. e., that entered Dec. 20, 1940) and that, accordingly, the later order of condemnation after service and trial is not appealable. But there were substantial differences between the two judgments; as the court in the Oakland case pointed out, the ex parte judgment left open the very types of question which appellant raises on this appeal; see 124 F.2d at page 963.

We do not here decide that the judgment of December 20, 1940 was appealable.
[17] Appellant also assigned as error an order directing partial distribution to a tenant in common of part of the deposited funds. This ground of appeal is not argued in her brief and was withdrawn at the oral argument.
[18] Old Dominion Land Co. v. United States, 269 U.S. 55, 66, 46 S.Ct. 39, 70 L.Ed. 162; Hanson Lumber Co. v. United States, 261 U.S. 581, 587, 43 S.Ct. 442, 67 L.Ed. 809; City of Oakland v. United States, 9 Cir., 124 F.2d 959; United States v. Forbes, D.C., 259 F. 585; cf. Barnidge v. United States, 8 Cir., 101 F.2d 295; United States v. Gettysburg Electric R. Co., 160 U.S. 668, 16 S.Ct. 427, 40 L.Ed. 576.
[19] That conclusion is authoritative, although the question there before the court was not under the Seventh Amendment since the issue was the right to a jury trial in a condemnation suit in a State court.
[20] See, e. g., Kohl v. United States, 91 U.S. 367, 375, 23 L.Ed. 449; United States v. Jones, 109 U.S. 513, 519, 3 S. Ct. 346, 27 L.Ed. 1015; Bauman v. Ross, 167 U.S. 548, 592, 593, 17 S.Ct. 966, 42 L.Ed. 270.
[21] Cf. Capital Traction Co. v. Hof, 174 U.S. 1, 8, 13, 19 S.Ct. 580, 43 L.Ed. 873;