**UNITED STATES v. 15.38 ACRES OF LAND IN NEW CASTLE COUNTY, DEL., et al.**

Civil Action No. 520.

District Court, D. Delaware.

Aug. 9, 1945.

John J. Morris, Jr., U. S. Atty., and W. Thomas Knowles, Asst. U. S. Atty., both of Wilmington, Del., and Charles M. Irelan, Atty., Department of Justice, of Washington, D. C., for the United States.

C. A. Southerland and J. LaPenne Guenveur (of Southerland, Berl & Potter), all of Wilmington, Del., for Delaware Power & Light Co.

Henry R. Isaacs, of Wilmington, Del., for DeWitt T. Cauffiel.

C. J. Killoran, Atty. Gen., of Delaware, for State of Delaware and for Trustees of Delaware State Hospital.

LEAHY, District Judge.

An ATC military air field is located outside Wilmington, Delaware. The land is owned by the Levy Court of New Castle County to the use of the county.[1] See 43 Del.Laws, c. 101, pp. 313, 317. On November 26, 1941, the Levy Court entered into a lease with the United States whereby the government acquired a tenancy from year to year. This lease is not renewable, however, beyond June 30, 1967. Condemnation proceedings were started in this court on February 2, 1945, under the Second War Powers Act, 50 U.S.C.A.Appendix § 632, wherein the Secretary of War sought to acquire a perpetual easement for the construction and maintenance of a railroad

---

[1] For the functions of the Levy Courts in Delaware, see United States v. 1010.8 Acres of Land et al., D.C.Del., 56 F.Supp. 120, at page 123.

938

spur, connecting the Air Base with the Delaware Railroad (an adjunct of the Pennsylvania Railroad) over lands contiguous to the Air Base. The spur track since its installation has been used solely to furnish supplies to the Air Base. Concededly, no other use thereof can be had at the present time. Those having interests in the lands over which the spur track runs and the respondents here are the State Board of Trustees of the Delaware State Hospital for the insane, Delaware Power & Light Company, a Delaware corporation, and an individual, DeWitt T. Cauffiel. Respondents' answers to the present petition of condemnation contain two prayers; one seeks the dismissal of this proceeding because "it is not a taking of private property for public use" in that the estate sought to be acquired is a right of way in perpetuity to serve the Air Base which is land now used by the United States under a lease for a term of years not to extend beyond 1967; the other prayer, as a form of alternative relief, seeks to change the estate to a temporary easement in order to make it commensurate with the estate now enjoyed by the United States in the land upon which the Air Base is presently located. At the time of institution of the present action, a declaration of taking was filed and $7800 deposited in the registry of the court, representing estimated just compensation; the amount of $1900 was specifically allocated to parcel No. 2 formerly owned by the Delaware Power & Light Company.

At plaintiff's request a rule issued on respondents to show cause why the primary and alternative prayers appearing in their answers should not be stricken as not valid in law and the perpetual easement sought by the government allowed, leaving for a later stage of the proceeding the ascertainment of damages and just compensation. The State of Delaware, one of the respondents in interest, joined with the United States on the right of the government to acquire a perpetual easement.

 The position of respondents, excepting the State of Delaware, is that the taking of an easement in excess of the term of the original lease for the Air Base is not a taking for a public use. True, what is a public use under the Fourteenth Amendment raises a question which may

have judicial review,[2] but only to ascertain if the exercise of eminent domain has been exercised arbitrarily.[3] This court recognized the rule in United States v. Parcel of Land in Town of Middletown, D.C.Del., 32 F.Supp. 718. One facet of the rule is that judicial inquiry does not go beyond the determination of the Secretary of War, for example, in acquiring lands for military purposes, as to the necessity for acquisition or the extent of the taking; nor will inquiry be made into his intentions prompting the taking. City of Oakland v. United States, 9 Cir., 124 F.2d 959; United States v. Meyer, 7 Cir., 113 F.2d 387; Barnidge v. United States, 8 Cir., 101 F.2d 295; United States v. 16.747 Acres of Land, D.C.Del., 50 F.Supp. 389. This is because legislative determination of necessity must be delegated to an administrative body of the executive; Joslin Mfg. Co. v. City of Providence, 262 U.S. 668, 43 S.Ct. 684, 67 L.Ed. 1167; and it has even been held that the decision of the Secretary of War in time of war emergency is not even open to judicial inquiry, United States v. 243.22 Acres of Land, 2 Cir., 129 F.2d 678. The decision of the Secretary of War is subject only to the restraints that just compensation will be paid for the taking and that the decision to take is not prompted by bad faith.

Respondents argue, however, it is unnecessary to inquire into the intent of the Secretary of War or to go behind his findings in the case at bar, because he has, in the first instance, determined that the Air Base should be acquired by the government for military purposes not by a fee title or any such perpetual estate, but by a leasing from year to year and not beyond 1967; and his present decision is obviously arbitrary and so must be labelled as not made in good faith, for the sole purpose of the sought easement in perpetuity is to serve merely a temporary leasehold interest. From this, the argument advances that the taking of a quality of interest in an appurtenance in excess of the term by which the government holds the facility served by such appurtenance is, on its face, an arbitrary taking. Once having determined that the land on which the Air Base is now situate was necessary for military purposes, to the extent that the government's interest would best be served by a

---

[2] City of Cincinnati v. Vester, 281 U.S. 439, 446, 50 S.Ct. 360, 74 L.Ed. 950.

[3] C. M. Patten v. United States, 9 Cir.,

61 F.2d 970, 972; United States v. Certain Parcels of Land in Town of Denton, D.C., 30 F.Supp. 372.

leasehold, such primary action, it is argued, defines any subsequent taking over any such appurtenance likewise and only to a temporary use.

This is simply a paraphrase of the rule that any taking must be for a public use and any excess condemnation is not for a public use. See Cooley, Constitutional Limitations, p. 1147; 18 Am.Jur.Eminent Domain, p. 736; City of Richmond v. Carneal. 129 Va. 388. 106 S.E. 403. 14 A. L.R. 1341; Winnisimmet Co. v. Grueby, 209 Mass. 1, 95 N.E 293; In re Opinions of the Justices, 204 Mass. 616. 91 N.E. 578. The argument to support excess taking is bottomed on the original determination by the condemnor as to what was necessary for a public use when he entered into a voluntary lease for the Air Base itself.

 The question for decision, then, may finally be isolated: Is it within the judicial function, absent a showing of bad faith on the part of the Secretary of War, to set aside or modify his determination as to the necessity or extent of the property to be acquired? The answer is that, absent such a showing, courts are not required to substitute their judgments for that of Secretaries of War in the determination of necessity or quantum of estate to be acquired, in time of war.[4] The Congress, in enacting Sec. 2 of Act 1917 by section 201 of Title II of the Second War Powers Act was of such mind; and it, having delegated to the Secretary of War the power to acquire by condemnation either the fee or any lesser estate on behalf of the United States, as the Secretary may deem necessary, his determination of necessity and extent of a particular taking is not a subject of judicial re-examination. City of Oakland v. United States; United States v. Meyer; Barnidge v. United States; United States v. 16.747 Acres of Land; all supra. In these matters, the court should be hesitant in substituting its discretion or belief for that of the Secretary of War who, under Act of Congress, is clothed with authority to make the determinations of necessity and extent. The judge should only intervene where there is a conclusive showing that the Secretary's determination is not made in good faith and hence is arbitrary.

The prayers of the respondents will not be stricken from the answers. They will have ample opportunity at trial to meet the requirements by way of proof in support of their allegations that the Secretary's action is without validity. On the state of the present record, however, it is held that the original acquisition of the Air Base by voluntary lease and the sought perpetual easement of the right-of-way is not beyond the pale of lawful authorization. Accordingly, the rule will be discharged in accordance with the foregoing; and the matter set down for trial on the petition and the answers thereto. In passing, it is suggested that if respondents can show at trial by a factual base, in contradistinction to the conceptualistic arguments that have been made here, that the Secretary of War's decision rests on an absence of good faith, then the whole matter of necessity and extent of estate sought to be acquired will be critically re-examined; otherwise, not.

An order may be submitted in accordance with the foregoing.

---

[4] Judge Frank (United States v. 243.22 Acres of Land, 2 Cir., 129 F.2d 678, 683): "The decision of the Secretary of War is not open to judicial inquiry. That is fortunate, for if it were open, the ensuing delay would delight our country's enemies."