# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**DARREN BEDWELL**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN MCLEAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TUAN CHU, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1210-CR-495 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Sheila A. Carlisle, Judge
Cause No. 49G03-1104-FC-26910

**July 15, 2013**

**OPINION - FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Tuan Chu appeals his convictions for three counts of Class D felony evasion of income tax, three counts of Class D felony theft, and one count of Class D felony failure to remit or collect sales tax. We affirm.

**Issue**

Chu raises one issue, which we restate as whether double jeopardy principles bar his convictions because the Indiana Department of Revenue ("the Department") had already imposed nonpayment penalties for his failure to pay taxes.

**Facts**

Chu operated a glass repair business and did not pay state and local income taxes or remit sales tax that he collected from customers. In April 2011, the Department issued fifteen "RECORD OF JEOPARDY FINDINGS" for unpaid sales tax from 2004 through 2011 and unpaid income tax from 2004 through 2009. Ex. E. These notices informed Chu that he owed the unpaid taxes, interest, and nonpayment penalties. The nonpayment penalties assessed were 100% of the unpaid taxes. Corresponding "JEOPARDY ASSESSMENT NOTICE AND DEMANDS" were also issued. Id. Tax warrants were issued and, on May 2, 2011, a judgment was entered against Chu in the amount of $280,326.32.

In the meantime, on April 18, 2011, the State charged Chu with Class C felony corrupt business influence, three counts of Class D felony evasion of income tax, nine counts of Class D felony theft, and four counts of Class D felony failure to remit or

collect taxes. All of the criminal charges were based on conduct that occurred from 2007 through 2009. The State also alleged that Chu was an habitual offender.

On August 16, 2012, following a bench trial, Chu was found guilty and convicted of three counts of Class D felony evasion of income tax, three counts of Class D felony theft, and one count of Class D felony failure to remit or collect sales tax.[1] Chu was also found to be an habitual offender. Chu now appeals.

**Analysis**

Chu argues that the nonpayment penalties and his criminal convictions violate double jeopardy. Initially, the State asserts that any double jeopardy argument is waived because Chu did not raise it at trial and did not frame it as fundamental error on appeal. The State also acknowledges, however, that double jeopardy issues have been addressed sua sponte by our supreme court. See e.g., Logan v. State, 729 N.E.2d 125, 136 (Ind. 2000). Because of our preference for resolving issues on their merits, we choose to address Chu's double jeopardy claim as raised on appeal. See Perry v. State, 956 N.E.2d 41, 51 (Ind. Ct. App. 2011).

Chu argues that, because he was assessed the nonpayment penalties and convicted of tax-related crimes, he was improperly punished twice for the same conduct.[2] Chu

---

[1] Chu was found not guilty of the corrupt business influence charge and six of the theft charges, and the trial court vacated three of the failure to remit or collect taxes convictions on double jeopardy grounds.

[2] In his opening brief, Chu urges us to hold that "the criminal prosecution was barred by the state and federal constitutional prohibitions against double jeopardy . . . ." Appellant's Br. p. 14. Chu also references the prohibitions against double jeopardy in the 5th Amendment to the United States Constitution and Article 1, Section 14 of the Indiana Constitution. Chu cites several United States Supreme Court cases and relies primarily on Bryant v. State, 660 N.E.2d 290 (Ind. 1995), which was

3

relies on Bryant v. State, 660 N.E.2d 290 (Ind. 1995), cert. denied, to support his argument that the tax penalty was a punishment. In Bryant, our supreme court addressed whether imposing both civil and criminal sanctions for the failure to pay the Indiana Controlled Substance Excise Tax ("CSET") violated the Double Jeopardy Clause of the 5th Amendment to the United States Constitution.

Specifically, after police found over 250 marijuana plants, marijuana seeds, dried marijuana, and drug paraphernalia in Bryant's home, the Department assessed a $83,680 tax based on the weight of the marijuana. The Department agent met with Bryant and demanded payment. Because Bryant did not pay the CSET, the Department demanded that he pay the CSET plus a 100% penalty for nonpayment, for a total obligation of $167,360. The next day, the Department of Revenue levied Bryant's bank accounts and seized his home. The State then charged Bryant with failure to pay the CSET, a Class D felony, and other marijuana-related offenses, and Bryant was convicted as charged.

In determining whether the assessment of the CSET and its nonpayment penalty and the conviction for nonpayment violated the 5th Amendment, our supreme court explained:

> Jeopardy is, in its constitutional sense, a technical term
> which has traditionally applied only to criminal prosecutions.

---

based solely on 5th Amendment double jeopardy principles. See Bryant, 660 N.E.2d at 295 n.12 (noting that Bryant presented "no viable state constitutional basis for his appeal.").

In his reply brief, Chu clarifies that his claim is based on the Indiana Constitution and Indiana precedent, and not on the 5th Amendment. Specifically, Chu asks us to hold that he "was subjected to Bryant jeopardy when the State assessed the tax penalties against him" and to apply the actual evidence test of Richardson v. State, 717 N.E.2d 32 (Ind. 1999). Reply Br. p. 4. Because Chu's argument, even as it is framed in his reply brief, depends on Bryant's analysis of 5th Amendment double jeopardy principles, we reject Chu's assertion that his claim is based solely on the Indiana Constitution.

Evans v. Brown, 109 U.S. 180, 3 S. Ct. 83, 27 L.Ed. 898 (1883). Departing from this historical rule, however, the U.S. Supreme Court has held in recent years that particular forfeitures, civil fines and financial exactions can be "jeopardies." Montana Dep't of Revenue v. Kurth Ranch, 511 U.S. 767, 114 S. Ct. 1937, 128 L.Ed.2d 767 (1994); United States v. Halper, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989). Cf. Austin v. United States, 509 U.S. 602, 113 S. Ct. 2801, 125 L.Ed.2d 488 (1993). In determining whether a jeopardy has occurred, the Court has said that the sanction's label of "criminal" or "civil" is not controlling. Halper, 490 U.S. at 447, 109 S. Ct. at 1901; see also United States v. Haywood, 864 F. Supp. 502, 506 (W.D.N.C.1994) (description of sanction as "civil" does not foreclose possibility it is a jeopardy). Rather, the test is whether the civil sanction constitutes a "punishment." Kurth Ranch, 511 U.S. at –, 114 S. Ct. at 1946. When the sanction serves the goals of punishment rather than the remedial purposes of compensating the government for its loss, it is a "punishment" and thus a "jeopardy" within the Double Jeopardy Clause. Id. The sanction's essence as a punishment can be identified "only by assessing the character of the actual sanctions imposed on the individual by the machinery of the state." Halper, 490 U.S. at 447, 109 S. Ct. at 1901.

Bryant, 660 N.E.2d at 295-96. In determining whether the CSET's civil sanction was a punishment, the Bryant court applied the four-factor test used by the Supreme Court in Department of Revenue of Montana v. Kurth Ranch, 511 U.S. 767, 773, 114 S. Ct. 1937, 1943 (1994), which required the examination of the tax's deterrent purpose (as opposed to revenue purpose), its high rate, its prerequisite of the commission of a crime before assessment, and the nature of the tax. Id. at 296. The Bryant court ultimately concluded, "the assessment of the CSET and its 100 percent penalty against Bryant was a punishment and thus a jeopardy." Id. at 297.

5

Both Bryant and Kurth Ranch, however, rely heavily on the Supreme Court's decision in United States v. Halper, 490 U.S. 435, 109 S. Ct. 1892 (1989), which has since been abrogated by Hudson v. United States, 522 U.S. 93, 118 S. Ct. 488 (1997). The Hudson court specifically granted certiorari "because of concerns about the wide variety of novel double jeopardy claims spawned in the wake of Halper." Hudson, 522 U.S. at 98, 118 S. Ct. at 493. The Hudson court held, "[w]e believe that Halper's deviation from longstanding double jeopardy principles was ill considered. As subsequent cases have demonstrated, Halper's test for determining whether a particular sanction is 'punitive,' and thus subject to the strictures of the Double Jeopardy Clause, has proved unworkable." Id. at 101-02, 118 S. Ct. at 494 (footnote omitted). The Hudson court then applied the traditional double jeopardy principles exemplified in United States v. Ward, 448 U.S. 242, 248-49, 100 S. Ct. 2636, 2641-42 (1980), to determine that administratively imposed monetary penalties and occupational disbarment for the violation of federal banking statutes and later criminal indictments for essentially the same conduct did not violate the Double Jeopardy Clause of the 5th Amendment.[3] Id. at 102-03, 118 S. Ct. at 494-95.

---

[3] The Hudson court described the Ward test as follows:

> Whether a particular punishment is criminal or civil is, at least initially, a matter of statutory construction. . . . A court must first ask whether the legislature, "in establishing the penalizing mechanism, indicated either expressly or impliedly a preference for one label or the other." Ward, 448 U.S., at 248, 100 S. Ct., at 2641. Even in those cases where the legislature "has indicated an intention to establish a civil penalty, we have inquired further whether the statutory scheme was so punitive either in purpose or effect," id., at 248–249, 100 S. Ct., at 2641, as to "transfor[m] what was clearly intended as a civil remedy into a

Although the State analyzes the nonpayment penalties under Hudson to argue that the subsequent convictions do not violate double jeopardy, Chu provides no argument that the imposition of the nonpayment penalties and the criminal convictions violate double jeopardy under Hudson. Instead, in his reply brief, Chu asserts that Bryant's holding has not been overturned and urges us to apply it as part of an Indiana constitutional analysis. To the extent Hudson now controls the 5th Amendment analysis, we decline to make a Hudson-based argument on Chu's behalf, and Chu has not carried his burden to the extent he raises a claim based on the 5th Amendment. See State v. Peters, 921 N.E.2d 861, 867 (Ind. Ct. App. 2010) (explaining that we are a neutral arbiter of disputes and not an advocate for either party).

Even if we assume Bryant is still good law and is applicable in determining whether a civil sanction is a punishment for Indiana double jeopardy purposes, we are not

criminal penalty," Rex Trailer Co. v. United States, 350 U.S. 148, 154, 76 S. Ct. 219, 222, 100 L.Ed. 149 (1956).

In making this latter determination, the factors listed in Kennedy v. Mendoza–Martinez, 372 U.S. 144, 168-169, 83 S. Ct. 554, 567-568, 9 L.Ed.2d 644 (1963), provide useful guideposts, including: (1) "[w]hether the sanction involves an affirmative disability or restraint"; (2) "whether it has historically been regarded as a punishment"; (3) "whether it comes into play only on a finding of scienter "; (4) "whether its operation will promote the traditional aims of punishment-retribution and deterrence"; (5) "whether the behavior to which it applies is already a crime"; (6) "whether an alternative purpose to which it may rationally be connected is assignable for it"; and (7) "whether it appears excessive in relation to the alternative purpose assigned." It is important to note, however, that "these factors must be considered in relation to the statute on its face," id., at 169, 83 S.Ct., at 568, and "only the clearest proof" will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty, Ward, supra, at 249, 100 S. Ct., at 2641-2642 (internal quotation marks omitted).

Hudson, 522 U.S. at 99-100, 118 S. Ct. at 493.

7

convinced the nonpayment penalties assessed to Chu are punishments. As an initial matter, in Bryant, our supreme court considered the CSET and the nonpayment penalty together as one sanction when determining whether they constituted a punishment for double jeopardy purposes. See Bryant, 660 N.E.2d at 295 n.11, n.13. Here, however, Chu concedes that the underlying sales and income taxes are revenue generating and not punitive and bases his argument on the assessment of the nonpayment penalties alone. Thus, the nature of the civil sanction at issue here is significantly different than the civil sanction Bryant faced.

Even in applying the four-part test used in Bryant, we are not persuaded that the nonpayment penalties are punishments for double jeopardy purposes. As for the deterrent purpose, although the assessment of a nonpayment penalty does serve a deterrent purpose because it encourages individuals to timely pay their taxes to avoid the imposition of a penalty, the Supreme Court has acknowledged "that all civil penalties have some deterrent effect." Hudson, 522 U.S. at 102, 118 S. Ct. at 494. Further, because of the legitimate revenue generating purpose of the underlying taxes, the government has a significant interest in individuals timely paying those taxes.

Regarding the rate of the nonpayment penalties, although Chu compares it to the maximum fines imposed for the commission of a felony, he makes no argument comparing the rate of the nonpayment penalties to other tax penalties or to other civil sanctions. Without more, we are not convinced that the rate of the 100% nonpayment penalties alone is such that it constitutes a punishment.

8

As for the prerequisite of the commission of a crime before a nonpayment penalty may be imposed, we disagree with Chu's bare assertion that the imposition of the nonpayment penalties "was conditioned on the commission of a crime . . . ." Appellant's Br. p. 13. Although the failure to pay the taxes also may have been a violation of a criminal statute, there is no indication that the Department's assessment of the nonpayment penalties was dependent of the State's decision to prosecute Chu for the failure to pay the taxes. Cf. Bryant, 660 N.E.2d at 296-97 (observing that the CSET is only assessed when police contact the Department of Revenue to report an individual who was in custody for the delivery, possession, or manufacture of a controlled substance).

Finally, although Chu does not specifically address the nature of the nonpayment penalty, he does argue that the Department's use of jeopardy assessments suggests it was punitive. "Jeopardy assessments are a powerful collection tool that, when properly used, further the important state interest of collecting state tax revenue needed to pay for critical governmental services and conducting the business of the state." Garwood v. Indiana Dep't of State Revenue, 953 N.E.2d 682, 690 (Ind. T.C. 2011), trans. denied. "[O]ur Legislature very narrowly tailored the Department's jeopardy assessment power to further the essential state interest of exercising its power to tax when collection is at risk." Id. at 686. In Garwood, the court suggested, "the Department wielded the power of jeopardy assessments as a sword to eliminate a socially undesirable activity and close down a suspected 'puppy mill,' not to fill the State's coffers with the tax liabilities the Garwoods purportedly owed." Id. at 690 (footnote omitted). Chu, however, does not

explain what socially undesirable activity the Department was seeking to eliminate when it issued the jeopardy assessments against him, nor does he assert that the jeopardy assessments were issued in the absence of the necessary statutory requirements. See id. Without more, we are not convinced that the issuance of jeopardy assessments rendered the nonpayment penalties punitive.

As such, Chu has not shown that the nonpayment penalties were punishments for double jeopardy purposes. Even if Chu had made such a showing, we are not convinced that Chu would be entitled to relief under the Indiana Constitution.

In Richardson v. State, 717 N.E.2d 32, 43-44 (Ind. 1999), our supreme court clarified the proper analysis for double jeopardy challenges under the Indiana Constitution and held that two or more offenses are the "same offense" "if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." Jones v. State, 812 N.E.2d 820, 823-24 (Ind. Ct. App. 2004). In Jones we considered whether the Richardson analysis could be properly applied to a civil contempt sanction and a criminal conviction. Id. at 824. As Chu acknowledges, in Jones we held:

> After carefully reviewing the language used by the supreme court in the Richardson opinion and considering its analysis, we conclude that it is not applicable to a fact pattern such as that with which we are faced today. Jones' double jeopardy challenge focuses on one criminal conviction and one civil contempt sanction, not on two statutorily defined crimes. Jones was held in contempt of court for failing to pay child support after having been ordered to do so; he was not convicted pursuant to a statutorily defined crime. Indiana

10

> Code Section 31-14-12-3 provides, "If the court finds that a party is delinquent as a result of an intentional violation of an order for support, the court may find the party in contempt of court." This section merely grants authority to the trial court, in its discretion, to find a party in contempt of court for failing to pay child support. It does not create a "statutorily defined crime" as contemplated by the analysis set forth in Richardson. Richardson, 717 N.E.2d at 49.

Jones, 812 N.E.2d at 824-25. Although Chu asks us to revisit Jones because it elevates form over substance, we stand by the reasoning in Jones. Accordingly, because the nonpayment penalties are not statutorily defined crimes as contemplated in Richardson, Chu has not established that the imposition of the nonpayment penalties and the subsequent criminal convictions violate Richardson's actual evidence test and are barred by the Indiana Constitution.

## Conclusion

Chu has not shown that the assessment of nonpayment penalties and the criminal convictions violate United States or Indiana double jeopardy principles. We affirm.

Affirmed.

NAJAM, J., and BAILEY, J., concur.

11